JOHN P. JONES, as President of Architectural and Engineering Guild, Local 66, American Federation of Technical Engineers, et al., Respondents, v. JOHN A. JOHNSON AND SONS, INC., et al., Appellants.— In an action by plaintiff labor union against defendant employers to enforce compliance with an arbitration award, the complaint contains two causes of action. The first seeks to compel defendants to enter into a collective bargaining agreement in accordance with the award; the second seeks to enjoin payment by defendants of less than the minimum salary rates awarded and to recover the amount of the underpayments. The appeal is by defendants from so much of an order as denied their motion for summary judgment dismissing the complaint. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. It may not be held, as a matter of law, that the agreement for arbitration, expressly or by implication, provided that the arbitration proceedings were to be conducted solely under the arbitration statutes, so as to bar enforcement of the award by common-law remedies, even though a prior motion by plaintiff to confirm the award was denied because the application had not been made within the one-year period specified in section 1461 of the Civil Practice Act. (Cf. *Sandford Laundry* v. *Simon*, 285 N. Y. 488, and *Beall* v. *Board of Trade of Kansas City*, 164 Mo. App.

186.) The motion to dismiss the entire complaint was properly denied regardless of the sufficiency of the second cause of action, a question which we do not decide, since the first cause of action may not be dismissed. (Cf. *Andrews* v. *98 Montague, Inc.,* 282 App. Div. 1066, and cases cited therein.) Nolan, P. J., Adel, MacCrate, Beldock and Murphy, JJ., concur.