140 N.J. Super. 10 (1976)
354 A.2d 704
IN THE MATTER OF THE ARBITRATION BETWEEN MARY HARRIS AND WILLIAM HARRIS, PLAINTIFFS-RESPONDENTS,
v.
SECURITY INSURANCE GROUP, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 20, 1976.
Decided February 27, 1976.
*11 Before Judges LYNCH, LARNER and HORN.
Messrs. Bergamino & De Gonge, attorneys for appellant (Mr. David E. Chaffin on the brief).
*12 Messrs. Skoloff & Wolfe, attorneys for respondents (Mr. Francis W. Donahue on the brief).
The opinion of the court was delivered by LYNCH, P.J.A.D.
Security Insurance Group (Security) appeals from an order confirming an arbitration award of $9,500 to Mary Harris, and $5,500 to her husband on his per quod claim, resulting from an automobile accident wherein Mrs. Harris suffered personal injuries. The accident came within the terms of the uninsured motorist endorsement of the Harris' automobile insurance policy issued by Security.
The substantive issue is whether Mr. Harris' per quod recovery is included within the policy's $10,000 limit of liability "for all damages * * * because of bodily injury sustained by one person as the result of any one accident * * *." We hold that it is so included. A fair reading of the foregoing language in the policy indicates that all damage claims, direct and consequential, resulting from bodily injury to one person (Mrs. Harris) are subject to the $10,000 limitation. Williams v. State Farm Mutual Auto. Ins. Co., 99 N.J. Super. 377 (Law Div. 1968), aff'd 104 N.J. Super. 403 (App. Div. 1969), aff'd 54 N.J. 580.
Plaintiffs contend that the order of confirmation of the arbitrator's award should be affirmed for two of what may be termed "procedural" reasons: (1) defendant did not make a timely application to vacate the award within three months, pursuant to N.J.S.A. 2A:24-7 and (2) none of the statutory grounds for vacating an arbitrator's award has been established, pursuant to N.J.S.A. 2A:24-8.
The arbitration award was made on June 18, 1974. On September 17, 1974 plaintiffs moved in Superior Court to confirm the award. In response, on September 24, 1974 Security moved to vacate the award.
We hold that the court gained jurisdiction over the question of the validity of the arbitration award when plaintiffs *13 filed their motion for confirmation. Clearly, Security had the right to oppose confirmation, and if its opposition is valid, the award should be vacated. Analogous to this situation is that involving application of the statute of limitations, N.J.S.A. 2A:14-1 et seq. In Atlantic City Hospital v. Finkle, 110 N.J. Super. 435 (Cty. Ct. 1970), plaintiff hospital sued defendant for the price of services rendered while defendant was a patient. Defendant counterclaimed, alleging he had suffered personal injuries as a result of the hospital's negligence. The time for filing an independent action for such negligence had expired between the filing of plaintiff's complaint and the filing of defendant's counterclaim. Plaintiff moved to dismiss the counterclaim. The court permitted the counterclaim to stand, saying in part (at 440) that "where the subject of the defendant's claim is intertwined with the cause of action advanced by the complaint, timely filed, reason and logic dictate that defendant's claims should not be denied on account of the passage of time." Cf. Harr v. Allstate Ins. Co., 54 N.J. 287, 299-300 (1969) (liberal relation-back doctrine for amendment of complaints). The same philosophy should apply here.
Emporium Area Joint School Auth. v. Anundson Constr. & Bldg. Supply Co., 402 Pa. 81, 166 A.2d 269 (Sup. Ct. 1960), cited by plaintiff, is inapposite. Under Pennsylvania law a party can apply to confirm an arbitration award within one year of the time the award is made. 5 Pa. Stat. Ann. § 169. However, a separate section provides that a motion to vacate the award can be made only during the first three months after the award is filed. 5 Pa. Stat. Ann. § 173. Reading these two provisions together, the obvious implication is that a special burden is placed on the objector to move to vacate within three months. If he fails to so move, the other party still has nine months to ask for confirmation of his award. The statutory mechanism provided by our law allows the parties three months to initiate court proceedings by moving either to confirm or *14 vacate the award. Once one of the parties has thus invoked the court's jurisdiction, the other party is free to oppose the motion whether or not the three month period has expired. We therefore conclude that defendant's motion to vacate was not untimely.
We also do not find any merit in plaintiffs' contention that the statutory grounds for vacating an award have not been satisfied. N.J.S.A. 2A:24-8, so far as pertinent, reads:
The court shall vacate the award in any of the following cases:
a. Where the award was procured by corruption, fraud or undue means;

* * *
d. Where the arbitrators exceeded or so imperfectly executed their powers that a mutual, final and definite award upon the subject matter submitted was not made.
In Held v. Comfort Bus Line, Inc., 136 N.J.L. 640, 641-642 (Sup. Ct. 1948), Justice Heher stated that "undue means" comprehends cases where the arbitrator "meant to decide according to law, and clearly had mistaken the legal rule, and the mistake appears on the face of the award or by the statement of the arbitrator." Accord, Anco Products Corp. v. T.V. Products Corp., 23 N.J. Super. 116, 124 (App. Div. 1952). It has been said that "an award will be vacated because of an error of law, when it clearly appears from the award or a statement of the arbitrator that he meant to decide the case according to the law." Collingswood Hosiery Mills v. Am. Fed. of Hosiery Workers, 31 N.J. Super. 466, 469 (App. Div. 1954).
In Brooks v. Pa. Mfrs. Ass'n Ins. Co., 121 N.J. Super. 51 (1972), mod. on other grounds 62 N.J. 583 (1973), the Appellate Division stated (at 55) that it found nothing in the record to suggest that the arbitrator did not intend to decide in accordance with the applicable law. The court therefore concluded that the arbitrator did indeed intend to follow the law.
*15 In Harsen v. West Milford Tp. Bd. of Ed., 132 N.J. Super. 365 (Law Div. 1975), the court recognized the variance between Brooks and the earlier cases. The judge decided to follow the view expressed in Brooks and held (at 372) that where no affirmative indication exists that the arbitrator was not utilizing the applicable law, the court should examine the legal foundation of the award.
A decision analogous to the one here is Belardinelli v. Werner Continental, Inc., 128 N.J. Super. 1 (App. Div. 1974). In that case, which was decided under § 301 of the Taft-Hartley Act, 29 U.S.C.A. § 185, the court held that to merit judicial enforcement, an arbitration award must be grounded in the terms of the applicable contract. If the arbitrator's position is not rationally inferable from the contract, he has exceeded his jurisdiction, and his award will be vacated.
We conclude that the arbitrator here intended to follow the applicable law. Since he misconstrued the limits of liability set forth in the policy, he committed a clear mistake of law. In addition, the arbitrator's power is limited by the terms of the policy. Since the policy expressly restricts recovery to $10,000 for all damages because of bodily injury sustained by one person, the arbitrator's award in excess of that amount was beyond his power. The arbitration award is therefore vacated and the matter remanded for entry of judgment apportioning the available $10,000 between Mary and William Harris in proportion to the amounts awarded them by the arbitrator. That award totalled $15,000. Since the limit of recovery is $10,000, each plaintiff is entitled to recover two-thirds of his or her original award. Accordingly, judgment should be entered in favor of Mary Harris in the amount of $6,333.33 and in favor of William Harris in the amount of $3,666.67, both judgments to carry interest from January 13, 1975, the date the judgment below was entered.