185 N.J. Super. 524 (1982)
449 A.2d 1334
STEPHEN A. HEFFNER, PLAINTIFF,
v.
JOEL E. JACOBSON, DEFENDANT.
Superior Court of New Jersey, Chancery Division Mercer County.
Decided May 26, 1982.
*525 Thomas E. Doig, Jr. for plaintiff (Doig & Doig, attorneys).
Stephen H. Feuerstein for defendant.
DREIER, J.S.C.
In early 1980 Joel E. Jacobson sought to invoke arbitration to resolve a dispute as to Stephen Heffner's alleged breach of a *526 covenant not to compete, pursuant to a provision in the contract under which he purchased Heffner's accounting practice. Heffner immediately instituted this judicial proceeding to enjoin the arbitration, but this court ordered the arbitration to go forward. Jacobson subsequently prevailed, receiving an award of approximately $5,000 in damages in an arbitrator's decision dated December 12, 1980.
In March 1981 Heffner moved within this cause to vacate the arbitrator's award. His motion was denied, but the award was not confirmed at that time since Jacobson had not requested such relief. Now, nearly 18 months after the arbitration award,[1] Jacobson has moved for confirmation. Heffner contends that such motion is absolutely barred by N.J.S.A. 2A:24-7, which provides:
A party to ... arbitration may, within 3 months after the award is delivered ... commence a summary action for confirmation of the award or for its vacation, modification or correction. Such confirmation shall be granted unless the award is vacated, modified or corrected.[2]
Arbitration is favored by the courts as a speedy and efficient means of resolving disputes without resort to judicial intervention. Elberon Bathing Co. Inc. v. Ambassador Ins. Co., Inc., 77 N.J. 1, 16-17 (1978); Public Utility Constr. & Gas Applicance Workers, etc. v. P.S.E. & G. Co., 35 N.J. Super. 414, 419 (App.Div. 1955). Thus, when such award is presented for confirmation and enforcement, the presumption is in favor of its validity. Kearny P.B.A. Local # 21 v. Kearny, 159 N.J. Super. 402, 406 (App.Div. 1978), mod. on other grounds 81 N.J. 208 (1979); Barcon Assocs., Inc. v. Tri-County Asphalt Corp., 160 *527 N.J. Super. 559, 565, aff'd 172 N.J. Super. 186 (App.Div. 1980), 86 N.J. 179 (1981). In light of this policy, the purpose of the three-month limitation to modify or vacate an award is clear: it furthers the goal of expeditious final resolution of disputes and affords the party in whose favor the award is entered a degree of certainty as to its enforceability. Thus, in Atlantic City v. Laezza, 80 N.J. 255, 268, n. 2 (1979), the court noted that the losing party in the arbitration was precluded from moving to vacate the award since more than three months had passed from the time the award was delivered.
If, however, the prevailing party in the arbitration proceeding delays beyond the three-month statutory period to move for confirmation of the award, the policy favoring arbitration is not frustrated, nor is the losing party injured, barring any claim of laches which might be raised. The only right lost is the party's right to proceed under N.J.S.A. 2A:24-7 and R. 4:67-1(a) to commence a summary action to confirm the award.
Although there is no New Jersey case on point, Kentucky River Mills v. Jackson, 206 F.2d 111, 120 (6 Cir.1953), cert. den. 346 U.S. 887, 74 S.Ct. 144, 98 L.Ed. 392 (1953), holds that the statutory period within which a summary action must be brought does not apply as to an action brought to enforce an award at common law. In that case the Sixth Circuit was called upon to interpret the United States Arbitration Act, 9 U.S.C.A. § 9, which provides that:
... at any time within one year after the award is made any party to the arbitration may apply to the court ... for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected ...
The court found that although § 9 of the act provided the summary remedy of confirmation of an arbitration award, such a remedy was not mandatory, but permissive. Thus, an award might be enforced in an action at law commenced beyond the statutory period  which in fact was the only remedy available to the victor in the arbitration prior to the passage of the Arbitration Act. See, also, Paul Allison, Inc. v. Minikin Storage *528 of Omaha, Inc., 452 F. Supp. 573, 574-575 (D.C.Neb. 1978); Jones et al. v. John A. Johnson & Sons, Inc. et al., 129 N.Y.S.2d 479 (1954), aff'd 131 N.Y.S.2d 362, 283 A.D. 1085 (1954); Hackney v. Adam, 20 N.D. 130, 127 N.W. 519 (1910); Beall v. Bd. of Trade of Kansas City, 164 Mo. App. 186, 148 S.W. 386, 388 (1912).
Since in most cases only the rights of the dilatory prevailing party will be affected by his delay in applying to the court for confirmation, this court will follow the Sixth Circuit and hold that the prevailing party in an arbitration proceeding does not lose his right to judicial enforcement of the award once the statutory three-month period has run. Although such party may no longer automatically avail himself of the remedy set forth in N.J.S.A. 2A:24-7, i.e., a summary action for confirmation brought pursuant to R. 4:67-1(a) and R. 4:67-2(a), he may nonetheless bring a new action by summons and complaint to enforce the award, and may file a motion under R. 4:67-2(b) to proceed summarily.[3]
In the present case, however, both parties have consistently treated the original action to enjoin arbitration as an umbrella covering all judicial aspects of their dispute. The case was closed when this court ruled that the arbitration must proceed. But plaintiff later moved within the original action to vacate the arbitration award, as defendant now moves to confirm. In view of the posture both parties have taken, the original action shall be reinstated. Defendant Jacobson is hereby *529 permitted to file a counterclaim in the action to enforce the arbitration award of December 12, 1980 and may apply to the court under R. 4:67-2(b) to be heard summarily on his counterclaim. Appropriate defenses not barred by this court's adverse decision on plaintiff's motion to vacate the award may be raised in answer thereto.
NOTES
[1] The delay is alleged to have resulted from defendant's attorney's extended illness.
[2] In re Harris Arbitration, 140 N.J. Super. 10, 12-13 (App.Div. 1976), holds that once one of the parties has made timely application to the court to confirm or vacate the award, the other party may oppose such application despite the expiration of the three-month statutory period. But this ruling cannot apply here, when Jacobson's motion to confirm comes a full year after his successful defense against Heffner's motion to vacate.
[3] Nix v. Spector Freight System, Inc., 62 N.J. Super. 213, 222 (App.Div. 1960), impliedly sanctions such a procedure. There, plaintiffs, the losing parties in the arbitration action, brought suit beyond the three-month period to vacate the award. The court found the time requirement of N.J.S.A. 2A:24-7 to be "explicit and entirely clear" and so affirmed the lower court's dismissal of the complaint. The court noted, however, that:

Plaintiffs' action plainly invokes the aid of this statute, for they commenced it, not by summons and complaint, but in a summary manner, by complaint, affidavit and order to show cause. The latter proceeding is the only one authorized by the act, and so must comply with its requirements.