STEPHEN A. HEFFNER, PLAINTIFF-APPELLANT, v. JOEL E. JACOBSON, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted November 30, 1983—Decided December 20, 1983.

Before Judges FRITZ, FURMAN and DEIGHAN.

*Doig & Doig,* attorneys for appellant (*Thomas E. Doig, Jr.* on the brief).

*Stephen H. Feuerstein,* attorney for respondent.

PER CURIAM.

Plaintiff appeals from the confirmation of an arbitration award on defendant's counterclaim for confirmation. His notice of appeal is also labelled as an appeal from the dismissal of his action to enjoin arbitration, from the denial of his motion to vacate the arbitration award and from an order permitting the filing of the counterclaim beyond the three month period of limitations in *N.J.S.A.* 2A:24–7, which provides a statutory remedy for confirmation, vacation, modification or correction of arbitration awards.

We affirm the order permitting the filing of the counterclaim substantially for the reasons stated by Judge Dreier in his opinion published at 185 *N.J.Super.* 524 (Ch.Div.1982).

The only other issue raised by plaintiff is that arbitration was barred under an exclusion clause in the contract between the parties. We reject that issue as out-of-time under the rules of court governing time for appeal. *R.* 2:4–1(a). Plaintiff's complaint to enjoin arbitration on that ground was dismissed with prejudice as settled. No timely appeal was brought. Subsequent to the arbitration award plaintiff's motion to vacate it for fraud and corruption was denied. Again, no timely appeal was brought.

Judge Dreier reinstated this action as a procedural frame for adjudication of defendant's demand for confirmation, with leave to plaintiff to assert defenses to the arbitration award itself which were not barred by the court's adverse decision on plaintiff's motion to vacate the award. In our view Judge Dreier's reinstatement for this limited purpose did not sanction the reopening of the issue of arbitrability, specifically the applicability of the exclusion clause, which had been resolved between the parties by the order of dismissal with prejudice prior to the arbitration.

We affirm.