STEPHEN A. HEFFNER, PLAINTIFF-APPELLANT, v. JOEL E. JACOBSON, DEFENDANT-RESPONDENT.

Argued January 22, 1985—Decided October 8, 1985.

Thomas E. Doig, Jr. argued the cause for appellant (Doig & Doig, attorneys).

Stephen H. Feuerstein argued the cause for respondent.

PER CURIAM.

This appeal raises the question whether the prevailing party in an arbitration is limited to seeking confirmation of the award in a summary proceeding commenced within three months of the award as required by *N.J.S.A.* 2A:24–7. In the instant case, plaintiff, Stephen A. Heffner, sold his accounting practice to defendant, Joel E. Jacobson, in a contract that contained a restrictive covenant and an arbitration clause. Shortly after the sale of the business, Jacobson alleged that Heffner had breached the covenant not to compete, and the parties submitted the dispute to arbitration. The arbitrator found that Heffner had breached his covenant and awarded $4,897.45 to Jacobson. Unfortunately, however, Jacobson failed to move to confirm the award within the three-month period provided by *N.J.S.A.* 2A:24–7. Nonetheless, the Chancery Division allowed Jacobson to file a counterclaim for confirmation and subsequently entered an order for judgment confirming the award. 185 *N.J.Super.* 524 (1982). The Appellate Division affirmed. 192 *N.J.Super.* 299 (1983). We granted Heffner's petition for

certification, 97 *N.J.* 628 (1984), and now affirm the judgment of the Appellate Division.

I

Heffner and Jacobson are public accountants, and on August 11, 1976, Heffner sold his accounting practice to Jacobson. The contract of sale contained a covenant by Heffner not to compete, the validity of which is not in dispute. In addition, the contract also contained the following arbitration clause:

> 9. *Arbitration.* Any and all disagreements as to the terms, conditions or performance of this Agreement, except the remedies described above for monies that are agreed to be due, shall be submitted to binding arbitration by the American Arbitration Association. Cost of arbitration shall be borne jointly by the parties.

On February 4, 1980, believing that Heffner had violated the covenant, Jacobson filed a demand for arbitration with the American Arbitration Association. Heffner filed an answer and counterclaim in the arbitration proceeding. He also initiated an action in the Chancery Division to stay the arbitration, alleging that the dispute concerning the restrictive covenant was not arbitrable. The trial court rejected that allegation, but the resulting order did not deny the stay. Instead, the order dismissed the cause with prejudice. Heffner did not appeal, and the parties proceeded to arbitrate the matter before an arbitrator, who found that Heffner owed Jacobson $4,897.45.

Neither party commenced any kind of proceeding within three months of receiving the arbitration award. Four days out-of-time, on March 16, 1981, however, Heffner filed a motion to vacate the award in the same proceeding that had been dismissed with prejudice. That motion was denied, but no order of denial was ever entered. Apparently both the court and Heffner's attorney expected that Jacobson's attorney, as the prevailing party, would prepare the order of denial.

More than a year later, on April 27, 1982, Jacobson's attorney moved to confirm the award. On May 26, 1982, the trial court denied Jacobson's motion to confirm, but nevertheless permit-

ted him to file a counterclaim seeking confirmation. Although the trial court attributed the failure to move in a timely fashion to the attorney's ill health, 185 *N.J.Super.* at 526 n. 1, before us the attorney explained that the reason for his failure to move to confirm within the three months' limit of *N.J.S.A.* 2A:24–7 was that he was unaware of the existence of the statute. Thereafter, on July 6, 1982, Jacobson's attorney filed a motion to confirm, and on August 13, 1982, the Chancery Division entered an order for judgment confirming the award of $4,897.45, plus interest and costs.

■■ In affirming, the Appellate Division refused to consider, as out-of-time, Heffner's claim that the breach of the restrictive covenant was not arbitrable under paragraph 9 of the contract. 192 *N.J.Super.* at 300. As previously indicated, the trial court, in effect, had rejected this claim in its June 12, 1980 order dismissing the request to stay arbitration, and Heffner had not brought a timely appeal from that order. For similar reasons, the Appellate Division also declined to review the trial court's denial of Heffner's motion to vacate the award. We find that a more fundamental reason supports the Appellate Division's refusal to consider Heffner's request to vacate the arbitration award. No order has ever been entered denying the motion to vacate. An appeal lies not from a written or oral decision of a court, but only from a judgment or order. *Credit Bureau Collection Agency v. Lind,* 71 *N.J.Super.* 326, 328 (App.Div.1961); *Homeowner's Taxpayer's Ass'n of So. Plainfield, Inc. v. South Plainfield Sewerage Auth.,* 60 *N.J.Super.* 321, 323 (App.Div.1960). Hence, there is nothing before us to review. If an appropriate order had been entered, we would agree with the judgment of the Appellate Division that Heffner's motion to appeal from the order denying his motion to vacate the award was out-of-time.

## II

From the record below, we cannot tell whether the parties contemplated that arbitration was to proceed pursuant to *N.J.*

*S.A.* 2A:24–1 to –11 (subsequently described as the "Arbitration Act" or "the Act") or pursuant to common-law principles of arbitration. Neither the contract nor anything else in the record reflects reliance on the Act. The contract merely provided that the parties would submit their differences to binding arbitration to be conducted by an arbitrator selected according to the rules of the American Arbitration Association. Although it is clear that they intended to arbitrate their differences, it is unclear whether the parties intended to confine themselves to the Arbitration Act.

Commercial arbitration is a long-established practice in New Jersey that has consistently been encouraged by the Legislature and the judiciary. *Barcon Assocs. v. Tri-County Asphalt Corp.,* 86 *N.J.* 179, 186 (1981); Boskey, "A History of Commercial Arbitration in New Jersey," Part II, 8 *Rut.-Cam.L.J.* 284 (1977) (hereinafter cited as Boskey, Part II); Boskey, "A History of Commercial Arbitration in New Jersey," Part I, 8 *Rut.-Cam.L.J.* 1, 5 (1976) (hereinafter cited as Boskey, Part I). Long before the enactment of the Arbitration Act, parties arbitrated disputes at common law. One commentator has suggested that the Arbitration Act did not abolish common-law arbitration. Boskey, Part I, *supra,* 8 *Rut.-Cam.L.J.* at 22.

Since the enactment of the Arbitration Act, New Jersey courts have recognized the continuing existence of common-law arbitration. *Carpenter v. Bloomer,* 54 *N.J.Super.* 157, 163 (App.Div.1959); *see LaStella v. Garcia Estates, Inc.,* 66 *N.J.* 297 (1957). That conclusion comports with the majority view elsewhere that arbitration statutes have not abolished common-law arbitration. *LaVale Plaza, Inc. v. R.S. Noonan, Inc.,* 378 *F.*2d 569, 571–72 (3d Cir.1967); *A.J. Curtis & Co. v. D.W. Falls, Inc.,* 305 *F.*2d 811, 813 (3d Cir.1962); *Jones v. John A. Johnson & Sons, Inc.,* 129 *N.Y.S.*2d 479, 481 (1954); M. Domke, *Commercial Arbitration* § 3.02 at 24 (rev. ed. Wilner); *see Beall v. Board of Trade of Kansas City,* 164 Mo.App. 186, 148 *S.W.* 386, 388 (1912).

■ It may well be that statutory confirmation of an arbitration award should be the exclusive method of confirming when the agreement specifically refers to the Arbitration Act or "there is other evidence justifying the conclusion that both parties agree either expressly or impliedly that the * * * Act should apply." *LaVale Plaza, Inc. v. R.S. Noonan, Inc., supra,* 378 *F.*2d at 571. Where, as in the present case, the contract is silent on whether arbitration is to proceed under the Act, parties seeking confirmation beyond the three-month statutory period should be permitted to seek confirmation in a proceeding brought not in a summary manner, but as in other actions. *See R.* 4:67–2(b). Normally, the initial process would be a summons, and the party seeking confirmation could file a motion for an order to proceed summarily. *Id.*

Our conclusion is buttressed by the permissive language of *N.J.S.A.* 2A:24–7, which provides, in relevant part:

> A party to the arbitration may, within 3 months after the award is delivered to him, unless the parties shall extend the time in writing, commence a summary action in the court aforesaid for the confirmation of the award or for its vacation, modification or correction. Such confirmation shall be granted unless the award is vacated, modified or corrected.

Had the Legislature intended to make the statute mandatory, it would not have used the permissive direction that a party "may" within three months of delivery of an arbitration award commence a summary action. *See Taylor v. Ford Motor Co.,* 703 *F.*2d 738, 744 (3d. Cir.1983); *Kentucky River Mills v. Jackson,* 206 *F.*2d 111, 120 (6th Cir.1953). As the trial court stated:

> Since in most cases only the rights of the dilatory prevailing party will be affected by his delay in applying to the court for confirmation, this court will follow the Sixth Circuit and hold that the prevailing party in an arbitration proceeding does not lose his right to judicial enforcement of the award once the statutory three-month period has run. Although such party may no longer automatically avail himself of the remedy set forth in *N.J.S.A.* 2A:24–7, *i.e.,* a summary action for confirmation brought pursuant to *R.* 4:67–1(a) and *R.* 4:67–2(a), he may nonetheless bring a new action by summons and complaint to enforce the award, and may file a motion under *R.* 4:67–2(b) to proceed summarily.

Accordingly, we hold that the trial court properly permitted Jacobson to seek confirmation of the award beyond the three-month period provided by *N.J.S.A.* 2A:24–7 for the institution of a summary proceeding to confirm.

The judgment of the Appellate Division is affirmed.

*For affirmance* —Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*For Reversal*—None.