HOTEL AND RESTAURANT EMPLOYEES AND BARTENDERS INTERNATIONAL UNION, LOCAL 54, Plaintiff,

v.

RAMADA, INC., t/a Tropicana Hotel and Casino, Defendant.

Civ. A. No. 85–3856.

United States District Court, D. New Jersey.

Jan. 9, 1986.

Meranze and Katz by Bernard N. Katz, Atlantic City, N.J., for plaintiff.

Blank, Rome, Comisky & McCauley by Peter A. Gold, Haddonfield, N.J., for defendant.

OPINION

COHEN, Senior District Judge:

Plaintiff, Hotel and Restaurant Employees and Bartenders International Union,

Local 54 (Local 54), brought this action to enforce a labor arbitration award pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The matter is presently before the Court on a motion by the defendant, Ramada, Inc., t/a Tropicana Hotel and Casino (Tropicana), to dismiss the Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). The basis upon which defendant seeks dismissal of the Complaint is its contention that plaintiff's action is time-barred. We must therefore determine what limitations period is applicable to an action to enforce an arbitrator's award. Because we hold that New Jersey's six-year statute of limitations for contractual claims applies, we shall deny defendant's motion.

Defendant Tropicana and Plaintiff Local 54 were parties to a collective bargaining agreement during all times relevant to this case. In March 1984, a union member, Ms. Lanetta Byrd, was discharged from employment at Tropicana following a physical confrontation between Ms. Byrd and her supervisor. Pursuant to the aforesaid agreement, Local 54 filed a grievance challenging Ms. Byrd's termination. Thereafter, Local 54 sought arbitration of the grievance. On July 20, 1984 and August 3, 1984, hearings were held in Atlantic City, New Jersey, before Arbitrator Charles Mullin, Jr. The issue for the arbitrator, in his own words, was "whether or not the grievant was discharged for just cause." Arbitrator Mullin's decision at 1. Local 54 sought, as a remedy, reinstatement of the employee and the award of back pay. *See* grievance form.

The arbitrator's decision, dated September 11, 1984, was mailed to counsel on September 17, 1984. The decision stated that the discharge was improper, and ordered reinstatement of Ms. Byrd. The request for an award of back pay was denied, Arbitrator Mullin's decision at 9, but the defendant was directed to pay the medical expenses incurred by plaintiff as a result of the physical confrontation which precipitated Ms. Byrd's discharge. *Id.* Defendant's failure to pay these expenses, which totaled $257.25, gave rise to the instant action.

The timespan between the parties' receipt of the arbitrator's decision and the filing of the complaint with this Court was almost one year. The events occurring during that period have not yet been established. Plaintiff maintains that notice of the medical bills was given to the defendant on "numerous occasions," Plaintiff's brief at 2, but that plaintiff did not have reason to know that the defendant would not comply with the arbitrator's award until receipt of a letter to that effect from defendant's counsel dated June 24, 1985. Defendant's position in refusing to pay the medical costs is that the award of these expenses was clearly beyond the arbitrator's authority, and was therefore void. Defendant's brief at 8.

In support of its claim that the arbitrator had no authority to grant reimbursement for the medical expenses, the defendant contends (and plaintiff does not dispute) that the issue of payment of medical expenses was never submitted to the arbitrator. Irrespective of the potential merits of this challenge to the award, defendant did not appeal the arbitrator's decision, and does not directly challenge the same in this motion. Rather, defendant's present motion rests upon its assertion that plaintiff is time-barred from obtaining relief from this Court.

Defendant characterizes plaintiff's action as one for *confirmation* of the arbitrator's award, and argues that it is precluded by operation of New Jersey Statute 2A:24–7. This statute provides, in relevant part, that any party to an arbitration may bring a summary action to confirm, vacate, or modify an award within three months of the delivery of the award to him. Since the complaint in this case was filed more than ten months after the award was mailed, defendant contends that plaintiff is barred from obtaining the relief sought.

Plaintiff's response to defendant's motion is threefold. Plaintiff argues that 1) N.J.S.A. 2A:24–7 does not preclude the present action, 2) the running of any appli-

cable time period has been tolled by defendant's conduct, and 3) the arbitrator's award was proper. Because we agree with the plaintiff's contention that N.J.S.A. 2A:24–7 does not preclude the underlying action, we do not reach the issues of equitable tolling or the arbitrator's authority.

The issue of what statute of limitations applies in § 301 actions has been discussed recently by the United States Supreme Court. In *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983), the Court noted that no federal statute of limitations is expressly applicable to § 301 suits. In such situations, the Court is called upon to "borrow" the most suitable time limit from another source. *Id.* Generally, the Court has concluded that the most closely analogous state statute of limitations should apply in federal actions which are without a specified federal timeliness rule. *Id.* There may be circumstances, however, when the state limitations statutes are at odds with the operation of the substantive federal law involved, and, in these instances, applying the state rule would be inappropriate. *Id.* In such situations, timeliness rules from federal law are to be applied. *Id.*

*DelCostello* involved a suit by an employee against both his employer and his labor union under § 301 of the LMRA. This type of suit, referred to as a "hybrid § 301/fair representation" claim, alleges that the employer has breached the applicable collective bargaining agreement, and that the union has breached its duty of fair representation in the grievance and arbitration proceedings. *Id.* at 164, 103 S.Ct. at 2290. *See also Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Hines v. Anchor Motor Freight*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976). The *DelCostello* Court, finding that there was no appropriate state limitations period, held that the six-month time limitation of § 10(b) of the National Labor Relation Act governed these hybrid suits. *DelCostello*, 462 U.S. at 172, 103 S.Ct. at 2294.

The critical question raised in the present motion with respect to *DelCostello* is whether the six-month time period adopted therein applies to all actions brought pursuant to § 301 of the Labor Management Relations Act. Defendant asserts that the Third Circuit, in *Scott v. Local 863, International Brotherhood of Teamsters*, 725 F.2d 226 (3d Cir.1984), interpreted *DelCostello* as establishing a uniform six-month period for all § 301 actions. Defendant's brief at 5. We disagree with this reading of *Scott*. *Scott* is a straightforward application of *DelCostello* to a hybrid § 301 suit, and we see nothing in the Third Circuit's opinion which indicates that the *Scott* court interpreted *DelCostello* as extending beyond the hybrid suit situation.

Our own reading of *DelCostello* leads us to conclude that the six-month period was not intended to be applied to § 301 suits which did not fit the "hybrid" model. *See also Farr v. H.K. Porter Co., Inc.*, 727 F.2d 502, 505 (5th Cir.1984) (*DelCostello* limited to hybrid suits). We find *DelCostello*'s discussion of and reliance upon *Auto Workers v. Hoosier Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966) (hereinafter *Hoosier*), instructive. The *DelCostello* Court explicitly distinguished suits by a union against an employer (as in *Hoosier*) and suits by an employee against both his union and his employer (as in *DelCostello*). *See DelCostello*, 462 U.S. at 162–63, 103 S.Ct. at 2289–90. The *DelCostello* Court expressed its agreement with Justice Stewart's separate concurrence in the *United Parcel Service v. Mitchell*, 451 U.S. 56, 65–71, 101 S.Ct. 1559, 1565–68, 67 L.Ed.2d 732 (1981) (hereinafter *Mitchell*) decision, which emphasized the distinction between these two types of lawsuits. As Justice Stewart wrote in *Mitchell*:

> The case before us is quite unlike the one in *Hoosier*. It is ... brought by an employee against both his employer and his union in order to set aside a "final and binding" determination of a grievance, arrived at through the collectively bargained method of resolving the grievance. It is, therefore, a direct challenge to "the private settlement of disputes

under [the collective-bargaining agreement]."

The action presently before this Court differs from the *DelCostello* case, as *Hoosier* did, with respect to the parties and the type of claims alleged. In the present case, a union seeks to enforce[1] an award against an employer, and no claims by an employee against his union for breach of duty in representation are present. Our reading of the *DelCostello* case is that the Court left the *Hoosier* decision intact, and limited the *DelCostello* holding to suits involving the "hybrid" employee—against—union-and-employer suits. As such, *DelCostello* does not control this case, and *Hoosier* directs us to consult state statutes of limitation. *Hoosier*, 383 U.S. at 705, 86 S.Ct. at 1113.

In *Heffner v. Jacobson*, 449 A.2d 1334, 185 N.J.Super. 524 (Ch.Div.1982), *aff'd* 469 A.2d 970, 192 N.J.Super. 299 (App.Div. 1983), the New Jersey Superior Court held that failure to timely confirm an arbitration award under N.J.S.A. 2A:24–7 was not a bar to a prevailing party's right to enforce the award. Delay beyond the ninety-day period established by N.J.S.A. 2A:24–7 only causes the loss of the *automatic right* to proceed in summary fashion, and does not preclude future actions to enforce the award. 185 N.J.Super. at 528, 449 A.2d 1334.[2] Such future actions are to be governed by the timeliness rules for contractual claims. *Taylor v. Ford Motor Co.*, 703 F.2d 738, 745 (3d Cir.1983).[3] The New Jersey statute of limitations for contractual claims is six years, N.J.S.A. 2A:14–1, and this period has not yet run. Accordingly, defendant's motion to dismiss shall be denied. The Court shall enter an appropriate order.

---

1. We note that there are significant policy considerations that an action to overturn an award raises which are not raised by an action to affirm or enforce. *See Derwin v. General Dynamics Corp.*, 719 F.2d 484, 489 (1st Cir.1983) (it is necessary to distinguish between actions to vacate and actions to confirm since application of a relatively lengthy time limitation to confirmation actions does not threaten the finality of arbitration awards).

2. The Court noted that even *summary* action might still be available under New Jersey Court Rule 4:67–2(b).

3. In light of the reasoning set forth in *DelCostello*, 462 U.S. at 164–69, 103 S.Ct. at 2290–93, it may be questioned whether the holding of *Taylor* that New Jersey's six-year statute of limitations applied to an employee's § 301 suit against his union can stand. *See Erkins v. United Steelworkers of America*, 723 F.2d 837, 839 (11th Cir.) (the presence of a labor law element, not just the hybrid nature of the suit, make § 10b appropriate), *cert. denied*, —— U.S. ——, 104 S.Ct. 3517, 82 L.Ed.2d 825 (1984). We deal, in the instant case, with a union's suit against an employer.