703 A.2d 1

POLICEMAN'S BENEVOLENT ASSOCIATION, LOCAL 292,
PLAINTIFF–RESPONDENT, v. BOROUGH OF NORTH
HALEDON, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 17, 1997—Decided November 5, 1997.

Rodriguez, J., dissented in part and concurred in part and filed opinion.

Before Judges D'ANNUNZIO, A.A. RODRÍGUEZ and COBURN.

*James V. Segreto,* argued the cause for appellant (*Segreto and Segreto,* attorneys; *James V. Segreto,* of counsel and on the brief).

*Kevin P. McGovern* argued the cause for respondent (*Schneider, Goldberger, Cohen, Finn, Solomon, Leder and Montalbano,* attorneys; *Mr. McGovern,* on the brief).

The opinion of the court was delivered by

COBURN, J.A.D.

This public-sector arbitration case is governed by the Arbitration Act, *N.J.S.A.* 2A:24–1 to –11 (subsequently referred to as the

"Arbitration Act" or "the Act"). We are primarily concerned with an important procedural issue arising under the Act which has been discussed by the Supreme Court but not yet definitively resolved. Under the Act, the losing party must institute a summary action to vacate the arbitration award within three months of its delivery. Is a prevailing party seeking judicial confirmation of the award similarly bound? We hold that the three-month limitation for obtaining judgment applies equally to both sides.

The case resulted from a dispute between the parties respecting the defendant's decision to employ a special police officer to work regular shifts in the police department. The plaintiff, Policeman's Benevolent Association, Local 292, claimed the defendant's conduct violated its collective bargaining agreement. The defendant, Borough of North Haledon, contended that *N.J.S.A.* 40A:14–118 and –122 authorized the action taken to meet an emergency. A grievance was filed and was ultimately resolved in plaintiff's favor by the arbitrator. The award entitled the police officers of the Borough to receive overtime pay totaling $8,363.08.

The arbitration was conducted pursuant to the New Jersey Employer–Employee Relations Act, *N.J.S.A.* 34:13A–1 to –29, under the supervision of the Public Employment Relations Commission ("PERC"). *N.J.S.A.* 34:13A–5.2 provides, in part:

> This commission [PERC] shall make policy and establish rules and regulations concerning employer-employee relations in public employment relating to dispute settlement, grievance procedures and administration including enforcement of statutory provisions concerning representative elections and related matters and to implement fully all the provisions of this act.

The collective bargaining agreement contains the following provision regarding arbitration:

> If no satisfactory resolution of the grievance is reached at STEP TWO, the grievant shall have twenty (20) calendar days within which to request arbitration by the Public Employment Relations Commission by filing a request for Submission of a Panel of Arbitrators, *pursuant to the rules of PERC.* The decision of the Arbitrator shall be final and binding upon the parties. The expense of such arbitration shall be borne equally by the parties.

[Emphasis added.]

The arbitrator's decision recites, "Since the parties were unable to resolve the grievance, it came before me for final and binding resolution pursuant to the parties' Collective Bargaining Agreement *and in accordance with the rules of the Public Employment Relations Commission.*" [Emphasis added.]

More than three months after the arbitrator delivered the award, the plaintiff brought this action in the Chancery Division seeking confirmation of the award. The complaint asserted, "The jurisdiction of this court is invoked pursuant to New Jersey's common law cause of action for confirmation of an arbitration award." The defendant filed an answer which included as an affirmative defense the assertion, "The application for confirmation is untimely pursuant to *N.J.S.A.* 2A:24–7." The defendant also asserted by way of affirmative defense and counterclaim that the award violated the law. The plaintiff responded with a motion to dismiss the defendant's pleadings and to confirm the award. The trial judge did not address the merits of defendant's position under *N.J.S.A.* 40A:14–118 and –122. Instead, the judge ruled, as expressly requested by plaintiff, that confirmation of the award was required because the defendant had not brought an action to vacate within the three-month period set forth in the Arbitration Act. Plaintiff maintained the same position regarding the applicability of the Act in its appellate brief. Defendant appeals. We affirm the judgment refusing to vacate the arbitration award. However, we reverse the judgment confirming that award.

■ We begin our analysis by observing that common-law arbitration may no longer exist in New Jersey. For the contrary position, plaintiff relies on this statement in *Heffner v. Jacobson,* 100 *N.J.* 550, 498 *A.*2d 766 (1985):

Since the enactment of the Arbitration Act, New Jersey courts have recognized the continuing existence of common-law arbitration. That conclusion comports with the majority view elsewhere that arbitration statutes have not abolished common-law arbitration.

[*Id.* at 554, 498 *A.*2d 766 (citations omitted).]

However, in *Perini Corp. v. Greate Bay Hotel & Casino, Inc.,* 129 *N.J.* 479, 610 *A.*2d 364 (1992), the plurality opinion treated the arbitration as arising under the Arbitration Act without any

indication that the parties had so agreed.  *Id.* at 490–91, 610 *A.*2d 364.  Chief Justice Wilentz expressly addressed this issue in his concurring opinion.  He said:

> Arbitration in New Jersey is governed by statute.  While our precedents have, I believe, disregarded that statute, it is time we return to it.  It pronounces the correct rule.

[*Id.* at 548, 610 *A.*2d 364.]

In *In re Arbitration Between Tretina Printing, Inc. v. Fitzpatrick & Associates, Inc.,* 135 *N.J.* 349, 356–58, 640 *A.*2d 788 (1994), the Supreme Court decided to reject the plurality opinion in *Perini* with respect to the scope of judicial review in private-contract arbitration and adopt instead the views expressed on this point by the Chief Justice in his concurring *Perini* opinion.  However, it may be that in taking that course, the Court was not endorsing the Chief Justice's view that all arbitration in New Jersey is governed by the Arbitration Act.  Without referring specifically to the Chief Justice's statement, the *Tretina* Court said:

> [T]his case ... involves statutory arbitration, not common-law arbitration.  The parties moved to confirm the award in court under *N.J.S.A.* 2A:24–7, and the record shows that the parties and the court assumed that *N.J.S.A.* 2A:24–8 and –9 controlled the proceedings.  Therefore, we review this arbitration under the arbitration statute....

[*Id.* at 361, 640 *A.*2d 788.]

In *Heffner v. Jacobson, supra,* the Court approached the issue of whether the arbitration was statutory or common-law in a different manner.  Instead of focusing on the procedures employed by the party seeking confirmation, the Court looked primarily to the contract.  The Court made the following observations:

> Neither the contract nor anything else in the record reflects reliance on the Act.  The contract merely provided that the parties would submit their differences to binding arbitration to be conducted by an arbitrator selected according to the rules of the American Arbitration Association.  Although it is clear that they intended to arbitrate their differences, it is unclear whether the parties intended to confine themselves to the Arbitration Act.

[*Id.* at 554, 498 *A.*2d 766.]

The Court then added the following:

> It may well be that statutory confirmation of an arbitration award should be the exclusive method of confirming when the agreement specifically refers to the

Arbitration Act or "there is other evidence justifying the conclusion that both parties agree either expressly or impliedly that the * * * Act should apply." Where, as in the present case, the contract is silent on whether arbitration is to proceed under the Act, parties seeking confirmation beyond the three-month statutory period should be permitted to seek confirmation in a proceeding brought not in a summary manner, but as in other actions.

[*Id.* at 555, 498 *A.*2d 766 (citations omitted).]

The view expressed by Chief Justice Wilentz that all arbitration in New Jersey is governed by the Arbitration Act appears to be in accord with the approach taken by the Supreme Court to resolving an arbitration issue in *La Stella v. Garcia Estates, Inc.*, 66 *N.J.* 297, 304, 331 *A.*2d 1 (1975). The issue presented in *La Stella* was whether the arbitrators had to be unanimous or whether a majority award would be sufficient where the parties' agreement to arbitrate was silent on that point. The Court, in an opinion by Justice Jacobs, overruled an earlier decision, *Carhal Factors, Inc. v. Salkind*, 5 *N.J.* 485, 76 *A.*2d 252 (1950), which had adhered to the common-law requirement of unanimity. In so doing, the Court relied upon the Arbitration Act and specifically criticized the failure of the *Carhal Factors, Inc.* Court to "discuss the effect of the [Arbitration Act] or the cases thereunder...." 66 *N.J.* at 305, 331 *A.*2d 1. In other words, the Court assumed the applicability of the Act without reference to whether the parties had expressly agreed to arbitrate under it.

This issue, whether all arbitration is subject to the Arbitration Act, was neither briefed nor argued in the present appeal. Therefore, although it might be argued that the *Tretina* case impliedly adopted Chief Justice Wilentz's view, it is neither appropriate nor necessary that we attempt to resolve the issue here.

Whether we take *Heffner*'s approach of looking to the agreement of the parties, or *Tretina*'s approach of focusing upon whether the parties and trial court considered the Act relevant and decisive, we reach the same result.

Although plaintiff asserted in its complaint that it was seeking common-law confirmation, it also contended that it was entitled to

the protection of the Act so as to prohibit the defendant from raising any defenses to the award. Having prevailed on the latter point, the plaintiff, in our view, submitted to statutory arbitration under *Tretina*.

Application of the rule set forth in *Heffner* even more clearly demonstrates that this was a statutory arbitration. Although the parties did not expressly state in their agreement that the Arbitration Act would govern, they did agree to arbitrate pursuant to the rules of PERC. Two of PERC's rules on grievance arbitration are enlightening. *N.J.A.C.* 19:12–5.1 provides:

> The Commission deems it in the interest of the public to maintain an arbitration panel whose members are available to assist in the arbitration of unresolved grievances. The availability of this service is intended to comply with the requirement of *N.J.S.A.* 2A:24–5 that the method for naming or appointing an arbitrator provided in the parties' agreement shall be followed. Accordingly, the release of a panel of arbitrators is predicated solely upon a prima facie showing of the parties' intention to utilize the Commission's arbitration service. Parties are referred to the judicial proceedings available under *N.J.S.A.* 2A:24–3 and *N.J.S.A.* 2A:24–5 in the event of a dispute regarding arbitrability or the method for naming or appointing an arbitrator. The Commission is not a necessary party to judicial proceedings relating to the arbitration under *N.J.S.A.* 2A:24–3 or *N.J.S.A.* 2A:24–5, but shall, upon the written request of a party, furnish to such party at the party's expense, photostatic copies of any papers in the Commission's possession that may be required in any such judicial proceedings.

*N.J.A.C.* 19:12–5.10 provides:

> The arbitrator shall have subpoena power in accordance with *N.J.S.A.* 2A:24–1 *et seq.*

The implication of these rules is that arbitration under the supervision of PERC is pursuant to the Arbitration Act. This construction of the rule is supported implicitly by *Saginario v. Attorney General*, 87 *N.J.* 480, 435 *A.*2d 1134 (1981), which appears to hold that a public employee dissatisfied with the outcome of a public-sector arbitration is required to challenge the result by an action under the Arbitration Act. Although the majority opinion does not expressly refer to the Act, the dissent construes the majority opinion as making that reference. *Id.* at 501 n. 1, 435 *A.*2d 1134.

It may well be that all public-sector union arbitration is statutory in nature. We note in this regard that *N.J.S.A.* 34:13A–16f.(5)

expressly refers to the use of the Arbitration Act in the setting of "Interest" [1] arbitration for police and fire unions.[2] However, this point, too, has not been briefed and need not be addressed to resolve this case since we are satisfied that the rules of PERC demonstrate that the Arbitration Act will govern grievance arbitrations conducted under the Commission's supervision.

Having determined that the Arbitration Act applies to this case, we now turn to the question whether plaintiff is barred from seeking judicial confirmation of the award because of its delay in bringing the matter to court.

The critical provision of the Act is *N.J.S.A.* 2A:24–7, which provides the following:

---

[1] " 'Interest' arbitration ... involves the submission of a dispute concerning the terms of a new contract to an arbitrator, who selects those terms and thus in effect writes the parties' collective agreement." *New Jersey State P.B.A., Local 29 v. Town of Irvington*, 80 *N.J.* 271, 284, 403 A.2d 473 (1979).

[2] In its original form, the statute provided:

> The decision of an arbitrator or panel of arbitrators shall include an opinion and an award, which shall be final and binding upon the parties and shall be irreversible, except where there is submitted to the court extrinsic evidence upon which the court may vacate, modify or correct such award pursuant to *N.J.S.* 2A:24–7 *et seq.* or for failure to apply the factors specified in subsection g. below.
>
> [*N.J.S.A.* 34:13A–16f.(5) ]

In 1995, this provision was replaced by *L.* 1995, c. 425, § 3, which provides the following:

> Within 14 days of receiving an award, an aggrieved party may file notice of an appeal of an award to the commission on the grounds that the arbitrator failed to apply the criteria specified in subsection g. of this section or violated the standards set forth in *N.J.S.* 2A:24–8 or *N.J.S.* 2A:24–9. The appeal shall be filed in a form and manner prescribed by the commission. In deciding an appeal, the commission, pursuant to rule and regulation and upon petition, may afford the parties the opportunity to present oral arguments. The commission may affirm, modify, correct or vacate the award or may, at its discretion, remand the award to the same arbitrator or to another arbitrator, selected by lot, for reconsideration. An aggrieved party may appeal a decision of the commission to the Appellate Division of the Superior Court.

> A party to the arbitration may, within 3 months after the award is delivered to him, unless the parties shall extend the time in writing, commence a summary action in the court aforesaid for the confirmation of the award or for its vacation, modification or correction. Such confirmation shall be granted unless the award is vacated, modified or corrected.

In *International Ass'n of Machinists v. Bergen Avenue Bus Owners' Ass'n,* 3 *N.J.Super.* 558, 565, 67 *A.*2d 362 (Law Div.1949), Mr. Justice (then Judge) Brennan observed: "The application to confirm the award herein was made within three months from the date of the award and is therefore timely within the requirements of *R.S.* 2:40–18 [which contained the same language as *N.J.S.A.* 2A:24–7]."

In *Carpenter v. Bloomer, supra,* 54 *N.J.Super.* at 163, 148 *A.*2d 497, Justice (then Judge) Hall said that under the Arbitration Act "all judicial proceedings with reference thereto, including confirmation of and any attack on the award and the entry of judgment thereon, must be had in a separate summary action in a specified manner."

In *Nix v. Spector Freight System, Inc.,* 62 *N.J.Super.* 213, 224, 162 *A.*2d 590 (App.Div.1960), Judge Goldmann, in rejecting an effort to vacate an arbitration award, observed that the parties "cannot attempt to avail themselves of our Arbitration Act and yet ask to be relieved of the limitations provision which is part and parcel of it."

In *In re Arbitration Between Harris v. Security Ins. Group,* 140 *N.J.Super.* 10, 354 *A.*2d 704 (App.Div.1976), Judge Lynch considered a summary action to confirm a statutory arbitration filed within the three-month period which, in the same action, was opposed by an application to vacate filed after the three-month period had expired. He stated:

> The statutory mechanism provided by our law allows the parties three months to initiate court proceedings by moving either to confirm or vacate the award. Once one of the parties has thus invoked the court's jurisdiction, the other party is free to oppose the motion whether or not the three month period has expired.

> [*Id.* at 13–14, 354 *A.*2d 704.]

In *City of Atlantic City v. Laezza,* 80 *N.J.* 255, 403 *A.2d* 465 (1979), the Court considered whether an order confirming an arbitration award could be sustained when one of the parties to the arbitration had not been joined in the court action. Because of the lack of jurisdiction, the Court vacated the trial judge's confirmation of the award. *Id.* at 268, 403 *A.2d* 465. However, it did not vacate the arbitrator's award. *Id.* The Court further explicated its ruling as follows:

> We emphasize that we are *not vacating* the arbitrator's award in the AFSCME dispute. We merely vacate the judgment confirming that award. Since more than 3 months have already elapsed from the time the AFSCME award was rendered, the City is now precluded from moving for its vacation. *N.J.S.A.* 2A:24–7.
>
> [*Id.* at 268 n. 2, 403 *A.2d* 465.]

In *Heffner v. Jacobson,* 185 *N.J.Super.* 524, 449 *A.2d* 1334 (Ch.Div.1982), *aff'd,* 192 *N.J.Super.* 299, 469 *A.2d* 970 (App.Div. 1983), *aff'd* 100 *N.J.* 550, 498 *A.2d* 766 (1985), the trial court said, "the purpose of the three-month limitation to *modify or vacate* an award is clear: it furthers the goal of expeditious final resolution of disputes and affords the party in whose favor the award is entered a degree of certainty as to its enforceability." 185 *N.J.Super.* at 527, 449 *A.2d* 1334. On the other hand, the trial court's holding was that the prevailing party could bring a common-law action to confirm an arbitration award after the three-month statutory period even though out of time for a summary action under the Act. *Id.* at 528, 449 *A.2d* 1334. The Supreme Court agreed with the trial court's holding, but, and this is of critical importance, it expressly did so only because the arbitration involved was not statutory:

> Where, as in the present case, the contract is silent on whether arbitration is to proceed under the Act, parties seeking confirmation beyond the three-month statutory period should be permitted to seek confirmation in a proceeding brought not in a summary manner, but as in other actions.
>
> [100 *N.J.* at 555, 498 *A.2d* 766.]

The Court also made this significant comment:

> It may well be that statutory confirmation of an arbitration award should be the exclusive method of confirming when the agreement specifically refers to the Arbitration Act or "there is other evidence justifying the conclusion that both parties agree either expressly or impliedly that the * * * Act should apply."

[*Id.* (citation omitted).]

In *Perini, supra*, 129 *N.J.* at 491, 610 *A.*2d 364, the Court said: "Once an arbitration award has been entered, any party to the arbitration may seek confirmation of the award with the court within three months of the arbitrators' decision. *N.J.S.A.* 2A:24–7."

■ We are satisfied that the trial court correctly refused to entertain the counterclaim seeking vacation of the award. Despite the use of the permissive word "may" [3] in *N.J.S.A.* 2A:24–7, the Supreme Court clearly indicated in *City of Atlantic City v. Laezza, supra,* that a losing party in statutory arbitration must move for vacation within the three-month period. 80 *N.J.* at 268 n. 2, 403 *A.*2d 465. That view of the statute was reiterated by the Court in *Heher v. Smith, Stratton, Wise,* 143 *N.J.* 448, 461, 672 *A.*2d 1147 (1996), and is in accord with the earlier cases cited above.

■ The question which we must resolve here is whether the prevailing party in arbitration under the Act is similarly bound to sue within the three-month period to confirm the award. As we have noted, in *Heffner* the Supreme Court said that it "may well be that statutory confirmation of an arbitration award should be the exclusive method of confirming" such an award when the Act governs. 100 *N.J.* at 555, 498 *A.*2d 766.

*N.J.S.A.* 2A:24–7 expressly treats the right to judicial relief of both sides to the arbitration in the same words. Either side "may" bring the matter to court within the three-month period.

---

[3] As stated by the Court in *Harvey v. Essex County Bd. of Freeholders,* 30 *N.J.* 381, 153 *A.*2d 10 (1959):

> The word "may" is ordinarily permissive or directory, and the words "must" and "shall" are generally mandatory. Such terms, however, have been held to be interchangeable whenever necessary to execute the clear intent of the Legislature. The problem is primarily one of ascertaining the intent of the Legislature. Such intent may be implied from the language used or inferred on grounds of policy and reasonableness.
> [*Id.* at 391–92, 153 *A.*2d 10 (citations omitted).]

Given the Court's consistent construction of the word "may" to mean "must" in relation to the right to move for vacation of the award, it would seem to follow that the same construction should apply when viewing the right of a party seeking confirmation. That view would accord with the views expressed by Justice Brennan, Justice Hall, Judge Goldmann, and Judge Lynch as cited above.

In this regard, we have considered the trial court's suggestion in *Heffner* that "in most cases only the rights of the dilatory prevailing party will be affected by his delay in applying to the court for confirmation...." 185 *N.J.Super.* at 528, 449 *A.2d* 1334. However, we are unwilling to extend that statement, made in the context of a private, non-statutory arbitration, to the area of public-sector arbitration under the Act.[4] Furthermore, we fail to see how the same word, "may," in the same Act, can be construed to mean different things for different parties. Thus, in light of the Supreme Court's *dictum* in *Heffner,* 100 *N.J.* at 555, 498 *A.2d* 766, and the earlier decisions to which we have alluded, we hold that a party seeking confirmation of an arbitration award obtained pursuant to the Act must file suit within the three-month period.

It might be argued that we are, in essence, permitting the losing party to a statutory arbitration to obtain vacation of the award after the three-month period. But, our opinion, properly viewed, does not so hold. Our point is that confirmation of an arbitration award obtained pursuant to the Act is not available unless a timely summary action is brought under *N.J.S.A.* 2A:24-7.

---

[4] With regard to public-sector arbitration, the Court noted the following in *Tretina, supra:*

> [I]n a public-sector arbitration setting, a court can properly vacate an award because of a mistake of law. *Communications Workers v. Monmouth County Bd. of Social Servs.,* 96 *N.J.* 442, 476 *A.2d* 777 (1984). That exception is necessary because public policy demands that a public-sector arbitrator, who must consider the effect of a decision on the public interest and welfare, issue a decision in accordance with the law. *Kearny PBA Local # 21 v. Town of Kearny,* 81 *N.J.* 208, 217, 405 *A.2d* 393 (1979).
>
> [135 *N.J.* at 364-65, 640 *A.2d* 788.]

Plaintiff suggests that this result will cause unnecessary litigation to confirm arbitration awards, but that is not true. We note in that regard that if the losing party so conducts itself as to lead the prevailing party to reasonably believe that the award has been accepted, the doctrine of estoppel will permit an action to confirm after the three-month period has run. *Jennings v. M & M Transp.*, 104 *N.J.Super.* 265, 273, 249 *A.*2d 631 (Ch.Div.1969). Furthermore, under the Act the three-month period for filing actions may be extended by a written agreement of the parties. *N.J.S.A.* 2A:24–7. In the instant case, there was no suggestion of conduct on the part of defendant constituting an estoppel, and there was no attempt to extend the three-month period by agreement.

In reaching our conclusion, we are particularly mindful that in a public-sector arbitration case, arising with a similar procedural posture, the arbitrator's decision might be patently contrary to the legislative will and the public policy of this State. In such circumstances, the public interest would be disserved if we were obliged to confirm the award solely because an action to vacate had not been filed in a timely fashion. In other words, unless the losing party has otherwise indicated its acceptance of the arbitration award, the prevailing party, if it wishes to obtain approval of the award by the judiciary, must file promptly under the Act, thereby permitting the losing party to raise its statutory defenses, and the additional defense that the arbitrator's decision violates the law.

Therefore, although we uphold the decision refusing to vacate the award, the judgment confirming the arbitration award is reversed with costs.

Affirmed in part; reversed in part.

A.A. RODRÍGUEZ, J.A.D., dissenting in part, concurring in part.

I disagree in part with the result reached by the majority. I agree with the majority's conclusion that the time limitation set by

*N.J.S.A.* 2A:24–7 applies equally to a party seeking confirmation and to a party seeking vacation, modification or correction of an arbitration award. Because plaintiff failed to seek confirmation within the three-month period authorized by the Arbitration Act [1], I would reverse the judgment confirming the award. However, I disagree with the majority's conclusion that plaintiff is not entitled to seek confirmation of the award pursuant to a common-law right. Therefore, I would reverse the order dismissing defendant's pleadings and would remand the matter to the Chancery Division to proceed as a common-law action for confirmation of an arbitration award.

The majority concludes that "this public-sector arbitration case is governed by the Arbitration Act." I do not find support in the record for this proposition. The provisions of the Arbitration Act were invoked by plaintiff only when it sought confirmation. Before then, there is no indication that either party made a selection regarding whether or not the arbitration process was to be "statutory" or "common-law."

The fact that the parties' collective bargaining agreement specifies the Public Employments Relation Commission (PERC) as an arbitration forum pursuant to *N.J.S.A.* 34:13A–7 does not, by itself, make the process a statutory arbitration proceeding. Neither the Arbitration Act nor the New Jersey Employer–Employee Relations Act [2], which established PERC, compel that conclusion.

Moreover, even assuming that the grievance between the parties was submitted to arbitration pursuant to the Arbitration Act, I still disagree with the majority's conclusion that the Supreme Court's decision in *Heffner v. Jacobson,* 100 *N.J.* 550, 498 *A.*2d 766 (1985), requires that the award cannot be confirmed. In *Heffner,* the Court permitted confirmation of an arbitration award even though a party had not moved within the ninety-day limitation

[1] *N.J.S.A.* 24:1 to –11.

[2] *N.J.S.A.* 34:13A–1 to –21–29.

period set by the Arbitration Act. The majority distinguishes this case by relying on the following dicta in *Heffner*,

> It may well be that statutory confirmation of an arbitration award should be the exclusive method of confirming *when the agreement specifically refers to the Arbitration Act or 'there is other evidence justifying the conclusion that both parties agree either expressly or impliedly that the Act should apply.'* (emphasis added)

> [*Heffner, supra,* 100 *N.J.* at 555, 498 *A.*2d 766].

However, here the collective bargaining agreement between plaintiffs and defendants makes no reference to the Arbitration Act. There is no evidence in the record justifying the conclusion that the parties impliedly agreed that the Arbitration Act should be the exclusive method of confirmation. Therefore, the Court's observation in *Heffner* does not apply to this case. Instead, *Heffner* supports confirmation based on common-law principles as an alternative where statutory confirmation is not available. As the Court observed,

> Where, as in the present case, the contract is silent on whether arbitration is to proceed under the Act, parties seeking confirmation beyond the three-month statutory period should be permitted to seek confirmation in a proceeding brought not in a summary manner, but as in other actions.

> [*Ibid.*]

In light of a public policy in favor of arbitration of labor disputes, (*See N.J.S.A.* 34:13A–2), I cannot conclude that by enacting the Arbitration Act the Legislature intended to render unenforceable an award simply because neither party moved within ninety days of its entry. Likewise, in light of our case law which encourages arbitration,[3] I cannot conclude that the Supreme Court intended its dicta in *Heffner* to require that the arbitration award here be set aside and that the parties go back to square one.

The majority observes "that common law arbitration may no longer exist in New Jersey." It then cites to *In re Arbitration Between Tretina Printing, Inc. v. Fitzpatrick & Associates, Inc.,* 135 *N.J.* 349, 640 *A.*2d 788 (1994) as support for that observation.

---

[3] *Heffner, supra,* 100 *N.J.* at 554, 498 *A.*2d 766.

The very passage cited by the majority supports rather than negates the continued existence of a common-law right to arbitration in New Jersey. The Court stated:

[T]his case ... involves statutory arbitration, not common-law arbitration. The parties moved to confirm the award in court under *N.J.S.A.* 2A:24–7, and the record shows that the parties and the court assumed that *N.J.S.A.* 2A:24–8 and –9 controlled the proceedings. Therefore, we review this arbitration under the arbitration statute. . . .

[*Id.* at 361, 640 *A.*2d 788.]

If a common-law right to arbitration was no longer in existence, the Court would have simply said so instead of explaining why it chose to review the matter under the arbitration statute. I conclude from that passage that a party who fails to comply with the 90–day limitation set by the Arbitration Act, may nevertheless enforce the award pursuant to a common-law right. *See also Taylor v. Ford Motor Co.*, 703 *F.*2d 738 (3d Cir.1983) (holding that a prevailing party in an arbitration proceeding who fails to seek confirmation within 90 days of the award has the right to enforce such award by summary action within six-year New Jersey limitations period for contractual claims).

Accordingly, I would remand to the Chancery Division so that the matter can proceed as an action for common-law confirmation of an arbitration award.