HERMAN STEIN, PLAINTIFF IN ERROR, v. AMELIA GOOD-
ENOUGH, DEFENDANT IN ERROR.

Submitted July 10, 1903—Decided November 16, 1903.

1. A writ of error, under the practice prevailing in this state, may
   be sued out before the actual entry of judgment; but, if it
   be made returnable before judgment entered, it will be quashed
   upon motion.
2. The statutory provision relating to the effect to be given to a
   rule for judgment, pending the actual entry of the judgment in
   the records, is limited to the court in which the judgment is
   obtained. In all other courts the rule for judgment has no other
   force and effect than that attributed to it by the common law.

On error to the Monmouth Circuit Court.

For the plaintiff in error, *Alan H. Strong.*

For the defendant in error, *Samuel A. Patterson.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action in replevin.
The purpose of the plaintiff in error (the plaintiff below)
in suing out the writ of error was to review a ruling of the
Circuit Court directing a nonsuit to be entered against him
for failing to move the trial of the cause when it was called.
It appears from the return made to the writ that although
a rule was entered in the minutes of the Circuit Court direct-
ing "that judgment of nonsuit be entered in favor of the de-
fendant and against the plaintiff," no such judgment has
in fact been entered. It further appears from the return
that subsequent to the entering of the rule for judgment of
nonsuit, and, upon a suggestion of property in the defend-
ant, a writ of inquiry was directed to issue for the purpose
of ascertaining the value of the goods and chattels taken by
the plaintiff under the writ of replevin, and the damages
suffered by the defendant by reason of their detention; and

that, upon the return of the writ of inquiry, a rule was entered in the minutes of the court directing that judgment be entered in favor of the defendant and against the plaintiff, for the amount of such value and damages, but that no judgment has yet been entered in pursuance of this rule.

According to the early practice prevailing in the English courts, a writ of error could not even be sued out until after the rendition of judgment. This practice was subsequently modified and the writ was permitted to be tested before judgment entered, in order that it might operate as a *supersedeas* in cases where execution was forthwith sued out. But even under the later practice the writ was only good provided judgment was given before its return, and if it was returnable before judgment was entered it was quashed upon motion made for that purpose. 2 *Tidd Prac.,* § 1141, and cases cited.

It is said, in 7 *Encycl. Pl. & Prac.* 872, that "the practice of suing out writs of error, before judgment rendered, has never prevailed in the United States, where the time of suing out such writs is governed almost entirely by statute." But this statement does not apply to New Jersey. Here the common law practice, as it existed in England at the time of the revolution, remains unaltered by statute. Indeed, so far as our statute law deals with the subject, it recognizes that practice as still prevailing. The legislature, by section 168 of our act regulating the practice of courts of law, having directed that in actions of a designated class only an abstract of the judgment should be recorded, proceeded to enact, by section 170, that "in *all* actions * * * whenever any writ or other proceeding shall require the removal of the record of any judgment to any other court, the clerk shall record the judgment, and the proceedings in the action, in full." *Pamph. L.* 1903, *p.* 582. This latter provision manifestly contemplates that the writ shall be sued out before the judgment is recorded.

It is apparent, from what has been stated, that the return to this writ has been prematurely made.

It is urged that although the rule for judgment is, at com-

mon law, interlocutory in its character, section 173 of our Practice act requires that it should be treated by this court as the final adjudication in the cause. That section provides that "in any action which has been finally determined, until the clerk shall enter the record of the judgment, the verdict, or rule for judgment entered in the minutes, shall be held and taken, *in the court in which the same is obtained,* to be the record of the judgment in such action." *Pamph. L.* 1903, *p.* 583. We cannot yield to this contention. The very limitation contained in the statutory provision clearly indicates that, except in the court in which the action has been determined, the rule for judgment shall have no further force and effect than that attributed to it by the common law.

The case will be retained in order that the actual entry of judgment final may be procured, and the record thereof then brought up by *certiorari.*