OF

## THE STATE OF NEW JERSEY.

## 1922.

---

EDWIN ROBERT WALKER, ORDINARY.

EUGENE STEVENSON, EDMUND B. LEAMING, VIVIAN M. LEWIS,
JOHN H. BACKES, JOHN GRIFFIN, JOHN E. FOSTER, MAL-
COLM G. BUCHANAN, JAMES F. FIELDER, ALONZO
CHURCH, ROBERT H. INGERSOLL AND JOHN
BENTLEY, VICE-ORDINARIES.

---

In the matter of the appeal of EDWARD BEAM et al., &c., from
an order of the orphans court of the county of Passaic, dis-
missing an order to show cause.

[Decided June 7th, 1922.]

1. A memorandum merely stating the conclusions of a judge on an
issue before him, and giving direction as to an order, judgment or de-
cree which may be entered, is an *opinion* whether labeled "memorandum"
or "conclusions" or "opinion;" and from an opinion no appeal lies.

2. A sham plea is one good on its face, but false in fact; a frivolous
plea is one which on its face sets up no defence, although it may be
true in fact.

38 (593)

3. The prerogative court has inherent power to strike out a pleading as sham or frivolous.

4. The prerogative court is a court of general jurisdiction over the subjects within its cognizance.

5. Records cannot be proved by parol, and a plea of *nul tiel record* is triable by the record alone.

On motion to strike out an answer as sham and also frivolous.

*Mr. John C. Beam* and *Mr. William B. Beam, pro se,* for the motion.

*Messrs. Griggs & Harding, contra.*

WALKER, ORDINARY.

An order to show cause was made by the orphans court of the county of Passaic on March 28th, 1922, returnable April 1st, 1922, and on April 7th, 1922, the court filed a memorandum which concluded: "The order to show cause will therefore be discharged without costs." On April 8th a notice of appeal was filed in the orphans court in which it is stated that Edward Beam, John C. Beam and William B. Beam, substituted trustees, &c., thereby appeal to the prerogative court from an order entered therein on April 7th, 1922, discharging the order to show cause above mentioned. Petition of appeal was duly filed and the respondent answered denying that the Passaic orphans court on April 7th, 1922, entered an order discharging the order to show cause. This is the fact. No such order appears in the transcript, nor has any been returned with the papers. The appellants, who are laymen appearing for themselves, seem to have misapprehended the effect of a paper filed by the presiding judge of the orphans court denominated memorandum." In this they were perhaps misled by a letter from the judge's secretary in which the memorandum was referred to as an order. This may be unfortunate, but I cannot turn a memorandum into an order because someone has denominated it an order when in fact it is an opinion of the court. I have no such power.

The respondents having prevailed they should have entered an appropriate order; but, if the appellants were impatient of

delay in that regard they could have given notice to the respondents that they would apply to the court to enter such an order in their name, serving them with a copy of the proposed order, which the court would doubtless have entered, especially if on the return day the respondents did not appear with an order of their own.

The appellants argue that every direction of a court or judge made or entered in writing and not included in a judgment or decree, is an order. The answer to this contention is that a memorandum merely stating the conclusions of a judge on an issue before him, and giving direction as to an order, judgment or decree which may be entered, is an *opinion,* whether labeled "memorandum" or "conclusions" or "opinion," and from an opinion no appeal lies.

Errors may be assigned upon matters in the record only and not upon the reasoning (opinion) which induced the rendering of the judgment. *McCarty* v. *West Hoboken, 93 N. J. Law 247; Birtwistle* v. *Public Service Railway Co., 94 N. J. Law 407.* The doctrine of course applies equally to appeals.

The respondents make the point *in limine* that there is no practice in the prerogative court under which an answer may be stricken out as sham or frivolous. I think the law is the other way, and that this court has inherent power to order false pleadings stricken out, whether in causes pending before it as a court of original jurisdiction or as an appellate tribunal. Courts of general jurisdiction have power to strike out pleadings as sham or frivolous. And it has been their immemorial practice to do so. *Anonymous, 7 N. J. Law 160.* The court of chancery has inherent power to strike out a frivolous demurrer. *Stanbery* v. *Baker, 55 N. J. Eq. 270.* And the court of errors and appeals will strike out an appeal as sham and frivolous if it presents no arguable case. *McMichael* v. *Barefoot, 85 N. J. Eq. 139.* The prerogative court, like the orphans courts, is a court of general jurisdiction over the subjects within its cognizance. See *In re Hathorne's Will, 97 Atl. Rep. 263.*

There is a marked distinction between pleadings which are frivolous and those which are sham. In *31 Cyc. 613,* it is stated :

In re Beam. *93 N. J. Eq.*

"While the courts sometimes use the terms 'frivolous' and 'sham' as meaning the same thing, and a motion to strike is often based on the ground that a plea is both frivolous and sham, there is nevertheless a clear distinction between the two, in that a sham plea is good on its face but false in fact, while a frivolous plea is one which on its face sets up no defence, although it may be true. A frivolous pleading is always assumed to be true, while a sham pleading must be proved to be false: the character of the former is determined by mere inspection, while that of the latter is usually determined by proof *aliunde.*"

The answer before me which pleads that there is no such order as that from which the appeal purports to be taken, is not frivolous because on its face it sets up a perfect defence. It is not sham, because it is not false in fact. Its truth is apparent on the face of the record and resort does not have to be had to proof *aliunde* to establish the fact. It is true that William B. Beam, one of the appellants, makes an affidavit that "on the 7th of April, 1922, the orphans court of the county of Passaic did enter its order duly made discharging the said order to show cause, which said order was duly filed in the office of the surrogate of the county of Passaic and now is there on file." This, while stated as a fact, is but the affiant's mistaken opinion that the memorandum referred to is an order and was filed as such. The answer, however, amounts to a plea of *nul tiel record,* and such a plea is triable by the record alone. *3 Bl. Com. 330.* Records cannot be proved by parol. *In re McCraven, 87 N. J. Eq. 28.*

The views above expressed lead to a denial of the motion to strike out.

Let an appropriate order be entered to that effect.

NOTE.—Since writing the above opinion, and when about to file it, I received from the appellants, through the mail, a certified copy of the memorandum filed by the orphans court on April 7th, 1922, to which is appended the signature of the presiding judge, and under it the following:

"The above order was made by me in open court on the seventh day of April, 1922, but was not presented to me for signature until the 3d day of June, 1922. I do therefore order that the same be entered *nunc pro tunc* as of the 7th day of April, 1922.

JAMES F. MINTURN, *J. S. C.*"

It is apparent upon the face of it that this action was taken three days after the argument before me of the motion to strike out the answer. Assuming, without deciding, that the signature of the judge under his memorandum opinion and the order for *nunc pro tunc* entry operates in our practice to change the memorandum opinion into an order, nevertheless, as an order it is inefficacious to sustain the appellants' position on the present motion, because no order *nunc pro tunc* will be permitted to disturb a status or impair rights which have obtained in a pending litigation. *Rinehart* v. *Rinehart, 91 N. J. Eq. 354.*

Now, on May 31st, 1922, when this motion was submitted, the status was that the appellants moved to dismiss as sham and as frivolous an answer which was valid and afforded a perfect defence to the motion. The respondents had then the right to have the court overrule the motion. This status and this right appellants now seek to deprive the respondents of by going to the judge of the orphans court, apparently *ex parte* (but whether so or not makes no difference here), and obtaining an order *nunc pro tunc,* which, if efficacious here as a prior entry in the orphans court would make the defendant's answer sham, when, in fact, it was perfectly valid when filed. Had I decided this motion on its submission to the court on May 31st, 1922, instead of taking it under advisement, this subsequent proceeding by the appellants in which they attempt to extricate themselves from the situation in which the record placed them, would have been entirely nugatory on the motion to strike. It is to prevent the intervention of subsequent rights and equities from changing a status, that judgments, orders and decrees may be entered as of the date of the submission of the cause to the court. See *Clark* v. *Van Cleef, 75 N. J. Eq. 152.*

The order overruling the appellants' motion to strike out the answer may be made *nunc pro tunc* as of the day when the motion was submitted, namely, May 31st, 1922.