60 N.J. Super. 321 (1960)
158 A.2d 847
THE HOMEOWNER'S TAXPAYERS ASSOCIATION OF SOUTH PLAINFIELD, INC., A CORPORATION OF NEW JERSEY, M. THERESA CASLOW, AND GEORGE C. BYRNES, PLAINTIFFS-APPELLANTS,
v.
THE BOROUGH OF SOUTH PLAINFIELD SEWERAGE AUTHORITY, A MUNICIPAL AUTHORITY, AND THE BOROUGH OF SOUTH PLAINFIELD, A MUNICIPAL CORPORATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 1, 1960.
Decided February 5, 1960.
*322 Before Judges CONFORD, FREUND and HANEMAN.
Mr. H. Frank Pettit argued the cause for plaintiffs-appellants.
Mr. Eugene P. Taylor argued the cause for defendant-respondent The Borough of South Plainfield Sewerage Authority (Mr. Joseph C. Doren, attorney).
The opinion of the court was delivered by CONFORD, J.A.D.
We have before us what purports to be an appeal from an oral judgment dismissing a taxpayers' action in lieu of prerogative writs attacking as illegal and unconstitutional a resolution of the defendant Borough of South Plainfield Sewerage Authority described as "authorizing bond financing for the construction of sewers" in the defendant Borough of South Plainfield, and also sewer rates "proposed" by the Authority. The complaint, framed in seven paragraphs, is devoid of facts to support the broad *323 conclusionary condemnation of the illegality and unconstitutionality of the actions complained of.
The Sewerage Authority moved for an order dismissing the action because the complaint failed to state a claim upon which relief could be granted against it. On the return of the motion, at which no affidavits were submitted by either side, the court stated it would dismiss the complaint. Plaintiffs objected to the form of order submitted by defendant and no order was ever signed, nor were proceedings taken to settle the form of the order on notice. See R.R. 4:55-1. There was no stenographic transcript of the proceedings before the trial judge, so that we do not even know exactly what he said in disposing of the matter.
The appeal must be dismissed as there is nothing before us to review. We cannot pass upon the validity or propriety of an oral determination dismissing a complaint. A written judgment or order must be entered after settlement of form upon notice to every appearing party, unless otherwise specially provided by rule. R.R. 4:55-1. Cf. Stein v. Goodenough, 69 N.J.L. 635 (E. & A. 1903); In re Beam, 93 N.J. Eq. 593 (Prerog. 1922). It is the obligation of both counsel to see to the entry of a proper order or judgment embodying every formal determination of the court, particularly when such a determination purports to terminate the litigation. See In re Beam, supra (93 N.J. Eq., at pages 594-595). Otherwise we can neither be certain of the fact of the determination nor cognizant of its basis or grounds, essentials for the proper exercise of the appellate function. "[T]he adjudications of our courts can only be known through the records thereof, perpetuated in the minutes of such tribunals and other established places of record. Generally, if not universally, rules, orders, and judgments are not effective unless and until properly and publicly enrolled." Lyczak v. Margulies, 8 N.J. Misc. 549, 552 (Sup. Ct. 1930), affirmed 109 N.J.L. 352 (E. & A. 1932); and see Hardon, Inc. v. Bergenfield Nat. Bank & Trust Co., 11 N.J. Super. 329 (App. Div. 1951). Cf. Roselle v. *324 Mayor and Council of Borough of Moonachie, 49 N.J. Super. 35, 39 (App. Div. 1958).
Appeal dismissed without prejudice to the right to apply for the entry of a proper order or judgment in the Law Division.