71 N.J. Super. 326 (1961)
177 A.2d 36
CREDIT BUREAU COLLECTION AGENCY, PLAINTIFF-APPELLANT,
v.
HARRY LIND, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 6, 1961.
Decided November 17, 1961.
Before Judges CONFORD, FREUND and LABRECQUE.
*327 Mr. Robert L. Messick argued the cause for plaintiff-appellant (Messrs. Bleakly, Stockwell & Zink, attorneys).
No appearance for defendants-respondents.
PER CURIAM.
This was an action in the Camden County Court brought for the return of moneys advanced to an insurance agent allegedly in excess of the commissions actually earned by the agent. The case was tried before a judge sitting without a jury. The basic facts were stipulated and the only issue involved was the construction of writings evidencing the contractual arrangements between the parties. At the termination of the trial, the court, after a short exposition of its factual and legal conclusions, announced its ruling as "no cause of action in favor of the defendant against the plaintiff." No written judgment was ever drawn, signed or filed. Nor was any notation or memorandum of judgment ever entered on the civil docket. See R.R. 4:59.
Subsequently a motion was filed by the plaintiff "to reopen the judgment." Upon hearing, the trial judge denied the motion, but no order effectuating the oral announcement of the decision on the motion was filed. Thereafter a notice of appeal was filed which recites that it is taken from "the whole of the final judgment entered by the Camden County Court * * *" and from "the denial of" the motion to reopen.
There being no appearance or brief on behalf of defendant in this court we on our own motion raised the question as to the absence of a judgment of record to afford a jurisdictional basis for entertainment of the appeal. Plaintiff was given an opportunity to file a supplemental brief in support of jurisdiction, and we have considered it.
In Homeowner's, etc., Inc. v. So. Plainfield Sewerage Auth., 60 N.J. Super. 321 (App. Div. 1960), we dismissed an appeal from an oral statement of dismissal of a prerogative writ action where no judgment was ever entered. We there held that unless otherwise specially provided by rule *328 the rules of practice contemplated the entry of a written judgment or order after settlement of its form upon notice pursuant to R.R. 4:55-1. And see cases cited at 60 N.J. Super., at p. 323.
The present appellant seeks to distinguish the Homeowner's case on the ground that there no stenographic transcript of the proceedings was made, whereas here there was. This observation does not reach the rational basis of the requirement. It is essential that somewhere in or on the official docket of the record, where all concerned with or affected by the determination, presently or in the future, may find it, there be entered an unequivocal and definitive statement of the judgment terms, i.e., parties, damages or other relief awarded, or the denial thereof, and costs, if any. It has long and invariably been recognized, in particular, that no appeal lies from opinions or from written or oral conclusions of courts, but only from judgments or orders. Hughes v. Eisner, 8 N.J. 228, 229 (1951); Robinson-Shore Development Co. v. Gallagher, 41 N.J. Super. 324, 333 (Ch. Div. 1956), affirmed 45 N.J. Super. 507 (App. Div. 1957) and reversed on other grounds 26 N.J. 59 (1958); Macfadden v. Macfadden, 49 N.J. Super. 356, 359 (App. Div. 1958), certif. den. 27 N.J. 155 (1958).
This adherence to our former ruling is not a reflection of an attitude of strictness, in preference to liberality, in the interpretation of procedural requirements, but rather of due heed to the seriousness of the consequences of a judgment of a court and of the resulting necessity that there be no doubt concerning the content or the repository of so significant a public record. Implicated are such matters as time for appeal, propriety of execution, and effect as a lien, as well as the present problem of jurisdiction of the appellate court.
It may be noted that since in this case the trial judge directed a denial of all relief he need not have signed a judgment, the clerk having authority to have done so, *329 under R.R. 4:59. But it was mandatory for the judgment to have been entered, no matter who signed it, as it cannot take effect before such entry, even if signed, unless the court directs it to take effect from the time of signature, subject to other provisions of the rule cited.
The appeal is dismissed, without costs, and without prejudice to plaintiff's right to effectuate the entry of judgment in the County Court. If it does so, and files a new appeal, it may apply to this court for leave to use the already filed brief and appendix, with appropriate supplementation.