259 N.J. Super. 337 (1992)
613 A.2d 490
CLIFFORD L. VAN SYOC AND LORRAINE VAN SYOC, PLAINTIFFS-APPELLANTS,
v.
ROBERT A. WALTER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted September 15, 1992.
Decided September 30, 1992.
*338 Before Judges MICHELS, BILDER and BAIME.
Van Syoc Law Offices, attorneys for appellants (Evan A. Blaker, on the brief).
Hecker, Brown, Sherry and Johnson, attorneys for respondent (Richard Ford Wells, on the brief).
The opinion of the court was delivered by BILDER, J.A.D.
Plaintiffs Clifford and Lorraine Van Syoc appeal from an order of the Chancery Division granting a summary judgment dismissing a complaint essentially directed at forestalling arbitration of disputes arising under a contract with defendant Robert Walter for alterations and additions to their residence in Haddonfield. Pursuant to a provision of the contract, defendant had demanded arbitration of its claim for $12,798 plus interest and lost profit resulting from plaintiffs' breach of the construction contract.
Plaintiffs' effort to avoid arbitration is based upon two allegations which they contend bar such a proceeding. First, they allege that the contract was fraudulently induced and contend that this claim is not arbitrable but must be decided by a court. And second, they allege that the arbitrator is disqualified because material information relating to contact between the arbitrator and defendant's counsel was knowingly concealed from plaintiffs prior to the arbitrator's selection. Plaintiffs' contentions are clearly without merit.
In his oral decision of September 20, 1991, the trial judge followed the decision of the United States Supreme Court in Prima Paint Corporation v. Flood & Conklin Manufacturing Company, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967) which, applying the Federal Arbitration Act, 9 U.S.C. 4, *339 held that, absent a claim of fraud directed at the arbitration clause itself, a claim of fraud in the inducement of the contract is a matter for the arbitrators. Plaintiffs concede that New Jersey law (N.J.S.A. 2A:24-1) accords with the federal act and that application of Prima Paint would make their claim of fraud in the inducement arbitrable. They argue, however, that as a matter of initial New Jersey impression,[1] we should not follow that decision but, rather, should follow Justice Black's dissent. Id. at 407, 87 S.Ct. at 1808, 18 L.Ed.2d at 1279. We decline to do so, thereby agreeing with almost all the other jurisdictions which have considered the matter. See Annotation, Claim of Fraud in the Inducement of Contract as Subject to Compulsory Arbitration Clause Contained in Contract (1982), 11 A.L.R. 4th 774, 780-784 and 1991 Supplement 44.
Justice Black expressed the view that we cannot really separate out the arbitration clause from the rest of the contract. Id. at 421-424, 87 S.Ct. at 1815-1816, 18 L.Ed.2d at 1287-1288. If the contract was fraudulently induced, it should all fail. Ibid. We disagree because when the parties agree to arbitrate, they are opting for a nonjudicial manner of resolving their disputes. It is not whether the contract can be attacked  but the forum in which the attack is to take place. Unless the arbitration provision itself was a product of fraud, the election should be enforced. Here, clearly there is no allegation the arbitration clause was fraudulently induced. To accept Justice Black's position would require a departure from our strong policy favoring arbitration. See Heffner v. Jacobson, 100 N.J. 550, 554, 498 A.2d 766 (1985).
With respect to the disqualification of the arbitrator, we are satisfied from an examination of the record that plaintiffs' contentions were presented to the American Arbitration Association *340 (AAA) which, after review, reaffirmed the designation of the arbitrator. The trial judge's conclusion that plaintiffs had failed to show that the AAA did not, as a matter of law, act arbitrarily or capriciously is fully supported by the record. See Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484, 323 A.2d 495 (1974).
Affirmed.
NOTES
[1] Although no New Jersey court has considered the matter, a Pennsylvania federal district court judge who had the question before him expressed the opinion that New Jersey would adopt the Prima Paint rule. See Schneider, Inc. v. Research-Cottrell, Inc., 474 F. Supp. 1179 (W.D.Pa. 1979).