278 N.J. Super. 373 (1995)
651 A.2d 114
TAYLOR MILLS AND VERONICA MILLS, PLAINTIFF-APPELLANTS,
v.
J. DAUNORAS CONSTRUCTION, INC., JACK DAUNORAS AND JOHN DOES 1-10 (FICTITIOUS NAMES), DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted November 1, 1994.
Decided January 5, 1995.
*374 Before Judges STERN, KEEFE and HUMPHREYS.
Igor Sturm, attorney for appellant (William C. MacMillan, on the brief).
Horn, Goldberg, Gorny, Daniels, Paarz, Plackter & Weiss, attorneys for respondents (Mark R. Sander, on the brief).
The opinion of the court was delivered by KEEFE, J.A.D.
Plaintiffs Taylor Mills and Veronica Mills (collectively referred to herein as "the Mills") appeal from the entry of a judgment dismissing their claims against J. Daunoras Construction Inc. and Jack Daunoras (collectively referred to herein as Daunoras) with prejudice on the ground that the entire controversy doctrine required the Mills to pursue their claim against Daunoras in a pending arbitration proceeding in which the Mills are not named parties. We reverse the judgment under review and remand the matter for further proceedings for the reasons stated herein.
In the complaint filed by the Mills against Daunoras, they maintained that Daunoras and Venus Lounge, Inc. (Venus Lounge) entered into a contract wherein Daunoras was to perform certain work on property owned by Venus Lounge. The Mills contended that, in the course of Daunoras's work, it negligently, carelessly and/or recklessly cut down trees belonging to the Mills. The Mills further contended that as a result of Daunoras's tortious conduct the Mills were fined by the Department of Environmental *375 Protection and incurred expenses to mitigate the property damage in question. The suit filed by the Mills against Daunoras was in tort. They did not contend that any rights flowed to them under the contract between Venus Lounge and Daunoras.
Before filing an answer in the matter, Daunoras moved to dismiss the complaint on various grounds. One of the grounds alleged that the court lacked jurisdiction over the subject matter because there was a pending arbitration between Venus Lounge and Daunoras which had been instituted by Venus Lounge almost two years before the institution of the Law Division action. That arbitration was filed pursuant to Article XIV of the contract between Venus Lounge and Daunoras. It provided:
All claims or disputes arising out of this Contract or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. Notice of the demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association and shall be made within a reasonable time after the dispute has arisen.
Daunoras maintained that Taylor Mills was a principal of Venus Lounge Inc., and that the damages sought by the Mills in their complaint were already presented as issues to be determined in the arbitration proceeding. Specifically, Daunoras' counsel argued:
The plaintiffs here apparently wish to divorce the arbitration proceeding from this lawsuit and claim that some different sort of relief is being sought in these two different proceedings. However, as a careful review of the arbitration documentation and plaintiffs' Complaint discloses, everything sought by the plaintiffs here can be and is subject to the existing arbitration proceeding. The plaintiffs in their Complaint seek recovery of fines levied by the New Jersey Department of Environmental Protection and Energy, as well as costs associated with the implementation of the N.J.D.E.P.E.'s plan of mitigation, which the plaintiffs have provided an estimate for (in the arbitration matter) in the amount of $38,000.00.
Daunoras was concerned that if both the Law Division proceeding and the arbitration proceeding were permitted to continue simultaneously there was a possibility of "double, multiple or other inconsistent results[.]" The Mills, in their reply brief, did not deny Daunoras's contention that the issues submitted in the arbitration proceeding included the damage claims made by Mills *376 in the Law Division action. Rather, the Mills simply stated that they were not parties to the arbitration claim and were not parties to the contract between Venus Lounge and Daunoras. Thus, they argued that, because they were not parties to the contract, they "would be [unable] to assert their claims for damages to their property against Daunoras Construction by way of an arbitration claim." The Mills also argued that the fact that Taylor Mills was an officer of Venus Lounge did not make him, individually, a party to the contract. It was also contended that Veronica Mills could not be bound by the contract between Venus Lounge and Daunoras, because she was not an officer of the corporation.
The Mills's factual allegations in the complaint were somewhat at variance from the facts asserted in their brief in opposition to Daunoras's motion. In the complaint, they alleged that they owned property known as 2310 West Malton Pike, Cherry Hill, New Jersey, referred to therein as "The Property". They further contended that Venus Lounge, Inc., "owned and operated a business located on The Property[,]" and that Venus Lounge Inc. entered into a contract with Daunoras whereby Daunoras was "to perform certain work and improvements on the property owned by the plaintiff." However, in their Law Division and appellate briefs, the Mills contended that they own property adjacent to the property owned by Venus Lounge, and that the properties are divided by a small stream. They contended that Daunoras, pursuant to the contract with Venus Lounge, Inc., was to construct a foot bridge over the stream connecting both properties, that the work was to be performed in accordance with an approved site plan, and that in performing the work Daunoras cut down several trees in the stream bed area which were both on the Venus property and on the property owned by the Mills.
It was in this procedural and factual context that the Law Division judge said the following:
"My finding is based  and I want this to be perfectly clear so that there's  if there's an appeal of this it's appealed on the right grounds. I find the Mills have been brought into this contract as the result of the subject matter of the contract whether they are nominal parties or not. There's no question from what I *377 understand that the work to be done on the construction of the parking lot (sic) was to include land, some of which was owned by the Mills[.]"
In essence, the trial judge found that Venus Lounge, by reason of its contract with Daunoras, "pulled in" the Mills as parties to the contract, and made them indispensable to the resolution of the bargained for arbitration clause.
We suffer from the same disquietude expressed by Daunoras in its argument before the Law Division judge with respect to the ownership of the property in question, and how it was that Venus Lounge could authorize Daunoras to perform work on property not owned by it. Regardless of whether the facts alleged by the Mills in their Law Division complaint, or those alleged by them (but not certified) in their Law Division and appellate briefs are correct, it is clear that the claims stemming from Daunoras's work are inextricably linked.
However, that observation cannot compel the conclusion that all claims should be tried in one forum no matter how logical that result may seem. Stated simply, the Mills cannot be compelled to arbitrate their individual claim unless they have agreed to do so.
In the absence of a consensual understanding, neither party is entitled to force the other party to arbitrate their dispute. Subsumed in this principle is the proposition that only those issues may be arbitrated which the parties have agreed shall be.
[In re Matter of Arbitration Between Grover, 80 N.J. 221, 228-299, 403 A.2d 448 (1979).]
Contrary to the Law Division judge's statement, neither the entire controversy doctrine nor any other procedural principle can change that basic premise. The Mills maintained in the Law Division, and now argue here, that they were not parties to the contract between Venus Lounge and Daunoras, and, therefore, the provisions of Article XIV of the contract cannot be used to compel them to arbitrate a claim they have not agreed to arbitrate. The argument is a correct one, as far as it goes, but it ignores critical facts appearing in the record which require further development.
*378 Although the Arbitration Act N.J.S.A. 2A:24-1 to -11 appears to require that agreements to arbitrate be in writing, N.J.S.A. 2A:24-1, the Act did not abolish common law arbitration. Heffner v. Jacobson, 100 N.J. 550, 498 A.2d 766 (1985). At common law, parties could submit a dispute for resolution to an arbitrator by consent. That consent need not be evidenced by a court order. Carpenter v. Bloomer, 54 N.J. Super. 157, 162, 164, 148 A.2d 497 (App.Div. 1959). "Even in the absence of a contractual submission of an issue to arbitration, a party may by conduct or agreement waive his legal right to judicial determination. If such a waiver is established, objection to the arbitrator's jurisdiction is no longer viable." N.J. Manufacturers & Insurance Co. v. Franklin, 160 N.J. Super. 292, 298, 389 A.2d 980 (App.Div. 1978). See also, 5 Am.Jur.2d, Arbitration and Award, § 22, p. 537. ("The right of [a] third party to an independent determination may be lost by waiver or estoppel, however, if he consents to, and participates in, arbitration proceedings that affect his own rights and liabilities."); Brescia Const. Co. v. Walart Const. Co., 264 N.Y. 260, 190 N.E. 484 (1934) (Surety, who was not a party to contract containing arbitration clause, but participated in arbitration waived right to collaterally attack decision by arbitration decision made within scope of arbitrators' jurisdiction.).
In this case, Daunoras contends that all of the damage claims stemming from the performance of its work under the contract were submitted to arbitration for determination, including the claims set forth in the Law Division complaint instituted by the Mills. The Mills did not deny that contention in their brief objecting to Daunoras's motion. We cannot ascertain from our review of the material in the appendix submitted with the Mills's appellate brief whether Daunoras's contention is accurate.
In all fairness to the parties and the Law Division judge, this precise issue was not focused upon as being relevant to the resolution of the motion. However, in our view the resolution of that issue could very well be determinative of the correctness of the Law Division judgment under review. Appeals are from *379 judgments, not the judge's reasons. R. 2:2-3; Heffner, supra, 100 N.J. at 553, 498 A.2d 766; Credit Bureau Collection Agency v. Lind, 71 N.J. Super. 326, 177 A.2d 36 (App.Div. 1961). We cannot overlook the inter-relationship between Taylor Mills and Venus Lounge. While we are aware of Veronica Mills's assertion that she is not an officer or shareholder of Venus Lounge, we note that Venus Lounge and the Mills have retained the same attorney to represent them. It is not inconceivable to us that the Mills and Venus Lounge consolidated their damage claims in the submission to the arbitrator. If they did, it may well be concluded that they have consented to arbitration on those issues and, thus, have waived their right to pursue litigation against Daunoras. As noted earlier, the record is incomplete on that issue. Thus, the matter is remanded for a full development of the factual record.
Needless to say, by taking the position it has argued on appeal, Daunoras must be deemed to have consented to the arbitration of any claim stemming from its work, including the Mills's individual claims. Daunoras cannot later be heard to say that its obligation to the Mills is circumscribed by the terms of the contract to the exclusion of any individual claims that the Mills may have against Daunoras arising from its work under the contract but based upon tort.
If upon remand, the Law Division judge concludes that consent and waiver by the Mills has not been established, the Law Division proceeding may not be dismissed for the reason that the entire controversy doctrine bar's plaintiffs' action.
The judgment under review is reversed and the matter is remanded for further proceedings consistent with this opinion.