**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3937-15T2

ALEXANDER SIMON,

    Plaintiff-Appellant,

v.

DIANA M. BORRERO, f/k/a
DIANA M. SIMON,

    Defendant.

_____

        Submitted May 10, 2017 — Decided June 30, 2017

        Before Judges Alvarez and Manahan.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Somerset
        County, Docket No. FM-18-1006-13.

        Alexander Simon, appellant pro se.

        Respondent has not filed a brief.

PER CURIAM

    Plaintiff Alexander Simon appeals from two matrimonial post-judgment orders: the first requiring the parties to pay off their respective shares of the children's student loans, to the extent the loans were incurred to pay for room and board, books and fees;

the second granting defendant's request for attorney fees and costs.[1]  We affirm.

The parties were divorced on August 9, 2013.  Three children were born of their relationship.  Subsequent to the Judgment of Divorce, the parties have engaged in motion practice to resolve disputes relative to various issues involving the children, including responsibility for college expenses.  Two orders entered by the Family Part, which emanated from post-judgment motions, form the basis for plaintiff's appeal.

On May 18, 2016, plaintiff appealed the February 23 order requiring the parties to pay off their respective shares of the children's student loans within ninety days, and the May 3 order requiring plaintiff to pay a portion of defendant's attorney fees.

At the outset, we note that plaintiff's appeal of the February 23 order is untimely.  Pursuant to R. 2:4-1(a), appeals from final orders shall be taken within forty-five days of their entry.  Plaintiff filed an appeal outside the forty-five-day period and did not seek a motion to extend time pursuant to R. 2:4-4(a).  Issues not raised by a timely appeal are barred.  See Heffner v.

_____

[1] Plaintiff's brief noted a third order dated June 29.  That order post-dates the Notice of Appeal.  Plaintiff has not appealed from that order.

Jacobson, 192 N.J. Super. 299 (App. Div. 1983), aff'd, 100 N.J. 550 (1985).

We next address the May 3 order. In their respective motion and cross-motion, both parties sought reimbursement for attorney fees and costs. In his statement of reasons, the judge cited to R. 5:3-5(c). Pursuant to that Rule, the following should be considered, in addition to the information to be submitted pursuant to R. 4:42-9, in determining an award of attorney fees:

> (1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award.

One purpose of allowing an attorney fee award is to "prevent a maliciously motivated party from inflicting economic damage on an opposing party by forcing expenditures for counsel fees." Kelly v. Kelly, 262 N.J. Super. 303, 307 (Ch. Div. 1992). In exercising its discretion, the court may also consider the good or bad faith exercised by the parties. Williams v. Williams, 59 N.J. 229, 233 (1971). Indicia of bad faith may include an unwillingness of a

party to enter into meaningful negotiations to settle issues and intentional non-compliance with court orders. <u>Borzillo v. Borzillo</u>, 259 <u>N.J. Super.</u> 286, 293 (Ch. Div. 1992).

The judge found that plaintiff refused to communicate with defendant regarding numerous issues that required cooperation, and found plaintiff was non-compliant with several provisions of the February 23 order. The judge noted that many of the issues raised by the parties would have been resolved had plaintiff engaged in "good faith communication." Because plaintiff failed to do so, the judge held that it "will not allow [plaintiff's] bad faith intransigence to go unsanctioned." After consideration of the factors set forth in <u>R.</u> 5:3-5(c), defendant was awarded $5000 for attorney fees. This appeal followed.

An award of attorney fees is a decision that rests within the discretion of the judge and is thus reviewed for an abuse of that discretion. <u>Packard-Bamberger & Co. v. Collier</u>, 167 <u>N.J.</u> 427, 443-44 (2001). "'[F]ee determinations by trial courts will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion.'" <u>Id.</u> at 444 (quoting <u>Rendine v. Pantzer</u>, 141 <u>N.J.</u> 292, 317 (1995)). An abuse of discretion occurs where the trial court decision was "'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" <u>United States v. Scurry</u>, 193

N.J. 492, 504 (2008) (quoting Flagg v. Essex County Prosecutor, 171 N.J. 561, 571 (2002)).

In light of our deferential standard of review, we find the attorney fee award did not constitute an abuse of discretion. The judge properly considered and applied the factors pursuant to R. 5:3-5(c) in his well-reasoned and thorough statement of reasons. We accord deference to the Family Part's findings of fact due to that court's special expertise in family matters and, here, to the judge's familiarity with the parties. Cesare v. Cesare, 154 N.J. 394, 411-413 (1998). In sum, we discern no basis for error.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION