843 A.2d 1167 (2004)
367 N.J. Super. 512
Patricia KONCZYK, Plaintiff-Appellant,
v.
Jerome KONCZYK, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted January 22, 2004.
Decided March 15, 2004.
Michael S. Rothmel, Mount Holly, for appellant.
Dianne L. Robbins, Co-Executrix of the Estate of Jerome J. Konczyk, respondent pro se.
Before Judges KESTIN, CUFF and LARIO.
The opinion of the court was delivered by CUFF, J.A.D.
The single issue presented in this appeal is how much, if anything, plaintiff may receive from a life insurance policy on the life of her former husband. Judge Suter concluded that plaintiff was entitled to no more than the amount of alimony defendant would have been obliged to pay in accordance with the terms of the Judgment of Divorce (JOD), if he had lived. We affirm.
Plaintiff Patricia Konczyk and defendant Jerome Konczyk were divorced on April 8, 1996. The JOD provided that defendant would pay alimony until plaintiff reached the age of sixty-five. Defendant was also obliged to maintain $15,000 in life insurance for plaintiff's benefit. The relevant provisions of the JOD provide as follows:
f. Defendant shall pay alimony to the plaintiff directly, as follows: $200.00 per month for five years, upon the signing of the Final Judgment of Divorce, and thereafter, $100.00 per month until *1168 such time as the plaintiff reaches the age of 65 years. In the event that plaintiff remarries, defendant's obligation as to alimony shall cease.
h. The plaintiff shall retain the life insurance policies in her possession and defendant hereby waives his interest in same. Defendant agrees that within 90 days from the signing of this Final Judgment of Divorce, he shall produce proof of $20,000.00 worth of life insurance, or its equivalent, for the plaintiff's benefit to remain in effect until defendant's death. When defendant's obligation to pay alimony decreases to $100.00 per month, after five years from the date of this Judgment, defendant's alimony protection shall be reduced to $15,000.00 in life insurance. In the event that the defendant's obligation as to alimony ceases, the defendant's obligation to produce said proof of life insurance, or its equivalent, shall also cease.
Defendant died on December 5, 2002. Prior to his death and without plaintiff's knowledge, defendant removed plaintiff as the beneficiary of his life insurance policy. In her stead, defendant designated his two daughters as beneficiaries. Plaintiff filed a motion in the matrimonial action to enforce the terms of the JOD. Plaintiff sought the full $15,000 in life insurance proceeds that defendant was required to maintain. Dianne Robbins and Shirley Konczyk, the parties' daughters, the beneficiaries of the life insurance policy and the co-executrices of their father's estate, filed a response and submitted to the jurisdiction of the court. R. 4:4-6. Following oral argument, Judge Suter issued a written opinion.[1] The judge found that the life insurance was clearly and unequivocally designed to secure plaintiff's alimony obligation. Indeed, defendant's obligation to maintain life insurance was co-terminus with his obligation to pay alimony.
Judge Suter also concluded that the parties may use various devices, such as life insurance or trusts, to secure an alimony obligation. She discovered no case in this jurisdiction which addresses the specific issue of the amount due from life insurance proceeds used to secure a limited-term alimony obligation when the amount due under the life insurance policy exceeds the alimony due to the surviving spouse. In other jurisdictions, however, the amount paid to the surviving spouse is limited to the amount due at the time of the obligor's death. Finding that the JOD clearly and unambiguously used life insurance to secure defendant's limited-term alimony obligation and that the $15,000 policy maintained by defendant during his lifetime exceeded the $2000 in alimony due to plaintiff at defendant's death, Judge Suter ordered that plaintiff was entitled to $2000, plus attorney's fees.
We agree with this analysis and affirm substantially for the reasons expressed by Judge Suter in her thorough and wellreasoned April 17, 2003 opinion.
NOTES
[1] In reviewing this matter, we found no order disposing of the case. On inquiry, we were advised that the opinion was designed to serve also as the order. In the future, a separate order should be entered. Appeals are taken from orders, not oral or written opinions. Heffner v. Jacobson, 100 N.J. 550, 553, 498 A.2d 766, 767 (1985). See also Pressler, Current N.J. Court Rules, comment 2 on R. 2:2-3 (2004) ("appeals may be taken only from judgments and not from opinions, oral decisions, informal written decision[s] or a correct result based on wrong reasons.")