**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4383-16T1

BILLINGS WHEELER, IV,

    Plaintiff-Respondent,

v.

ANNA WHEELER,

    Defendant-Appellant.

_____

Submitted May 16, 2018 — Decided June 28, 2018

Before Judges Currier and Geiger.

On appeal from Superior Court of New Jersey,
Chancery Division, Family Part, Union
County, Docket No. FM-20-0882-05.

Judith L. Rosenthal, attorney for appellant.

Respondent has not filed a brief.

PER CURIAM

In this matrimonial matter, defendant Anna Wheeler appeals from the May 5, 2017 post-judgment order denying her application to compel her ex-husband to maintain a life insurance policy for her benefit despite her remarriage and the termination of her former husband's alimony obligation. Because we find, under the circumstances existing here, the reasonable evidence in the record

supports the trial judge's ruling that the obligation to maintain life insurance for the benefit of defendant was connected to the alimony requirement, we affirm.

The parties were divorced in 2007 after a twenty-seven-year marriage. The amended Judgment of Divorce (AJOD) provides:

1.  Effective February 1, 2007, plaintiff shall pay to defendant permanent alimony in the amount of $50,000 per year, or $4,166 per month. Alimony shall terminate upon defendant's remarriage or the death of either party.

2.  Plaintiff shall maintain life insurance coverage in the amount of $250,000 with defendant designated as beneficiary, and shall provide proof of the existence of this coverage on an annual basis.

After plaintiff, Billings Wheeler IV, failed to provide defendant with proof of insurance coverage, she filed a motion to compel compliance with the insurance provision. The motion was granted, and plaintiff obtained a life insurance policy in August 2007, naming defendant as the sole beneficiary. The parties also executed a consent order that required the insurer to inform defendant of any changes to, or lapse in, the coverage.

Despite these orders, defendant learned that plaintiff had allowed the policy to lapse. Further motion practice led to a second consent order, requiring plaintiff to again name defendant as the beneficiary under a new policy.

After defendant remarried in March 2014, she notified defendant of her changed status and the alimony obligation was terminated. She continued, however, to contact the insurer annually to confirm the existence of plaintiff's life insurance policy. When she made her call in 2017, defendant learned plaintiff had replaced her with his girlfriend as the beneficiary on the policy.

Defendant moved to compel plaintiff to comply with the AJOD and maintain her as the beneficiary; plaintiff cross-moved to terminate the life insurance obligation. After oral argument, the Family Part judge found a reasonable interpretation of the AJOD was that the "life insurance is connected with the payment of alimony, and when the alimony obligation ceases, the obligation to maintain the life insurance on behalf of the spouse ends also." The judge denied defendant's motion and terminated the life insurance obligation.

On appeal, defendant argues that the trial judge erred in terminating the life insurance obligation. She also asserts the court was biased against her and failed to accord her due process.

After a careful review of the record, we discern no merit to defendant's contentions of bias and lack of due process. It is evident the judge read the parties' submissions, was versed in the applicable statutes and case law, and permitted defendant's

counsel the opportunity to make her arguments in support of her application.

In addressing the life insurance obligation, it is a commonplace provision in a property settlement agreement or judgment of divorce to require life insurance as security for support payments in the event of the premature demise of the obligor. See, e.g., Konczyk v. Konczyk, 367 N.J. Super. 551, 556 (Ch. Div. 2003), aff'd, 367 N.J. Super. 512 (App. Div. 2004); Boardman v. Boardman, 314 N.J. Super. 340, 344 (App. Div. 1998); Davis v. Davis, 184 N.J. Super. 430, 436-38 (App. Div. 1982).

Plaintiff complied with his alimony obligation until defendant remarried in March 2014. Alimony was terminated thereafter pursuant to the parties' own agreement. See also N.J.S.A. 2A:34-25. Now remarried, defendant does not allege she is dependent on plaintiff for support and has not demonstrated the parties intended plaintiff to continue to support her in the form of a life insurance benefit following her remarriage to another man.

The purpose of life insurance in a divorce agreement setting — to assure a sufficient fund for the payor's support obligations should he or she predecease that responsibility — has been satisfied here. Plaintiff fulfilled his alimony obligation until defendant remarried, resulting in the termination of alimony. The

need for protection also ended when the alimony was no longer due. As we have stated: "Generally, an obligation to maintain insurance and the entitlement of the insured's former spouse . . . to the proceeds will not survive the satisfaction of the obligation the insurance was intended to secure."  Konczyk, 367 N.J. Super. at 562 (quoting 22 Causes of Action § 463, § 2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4383-16T1