**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0050-18T2

ROBERT A. BLUM,

     Plaintiff-Appellant,

v.

TRACY MARSH and
BRENDA MARSH,

     Defendants-Respondents.

_____

Submitted November 20, 2019 - Decided December 12, 2019

Before Judges Koblitz and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Warren County, Docket No. SC-0131-18.

Robert A. Blum, appellant pro se.

Respondents have not filed a brief.

PER CURIAM

Plaintiff Robert A. Blum, CPA appeals the trial judge's August 7, 2018 oral decision[1] after a bench trial, awarding him only $298[2] of his $3000 claim against defendants Tracy and Brenda Marsh[3] for unpaid accounting services. We affirm.

Plaintiff and defendants were in business together for twenty years. Plaintiff performed accounting services for defendants and in turn was a customer at defendants' office supplies, equipment, and repair services store.

Defendants explained they were in a bartering arrangement with plaintiff, in which they "offset with payments . . . and credits." Plaintiff disagreed with the characterization of their relationship as a bartering arrangement, insisting that defendants "really never had the funds to pay." Plaintiff explained he "always carrie[d] a $2000-$3000 balance."

In June 2018, plaintiff filed a small claims complaint against defendants for $1755 plus costs to recover payment for unpaid accounting services performed between November 2014 and October 2017. The following month plaintiff filed an

---

[1] Although appeals are taken only from written judgments or orders, Konczyk v. Konczyk, 367 N.J. Super. 512, 514 n.1 (App. Div. 2004), we choose to decide this appeal even absent a written judgment. See Landrigan v. Celotex Corp., 127 N.J. 404, 424 (1992).

[2] All monetary amounts are rounded to the nearest dollar.

[3] We use defendants' first names for ease of reference, intending no disrespect.

amended complaint seeking the jurisdictional limit of $3000 plus costs based on an unpaid bill of $1500 he forgot to include in his original complaint.

At trial, plaintiff submitted three exhibits: a 2015 invoice for $200, a 2016 invoice for $1500, and a 2017 invoice for $1500. Plaintiff clarified that the offsets plus the effect of the jurisdictional limit reduced his demand to $3000.

While defendants found the 2017 invoice to be valid, they expressed their uncertainty as to the 2015 and 2016 invoices because the amount charged was different from the "total" indicated on the bottom of the page. Tracy testified:

> Mr. Blum has rendered documents to me that are obviously unreadable or unbalanceable [sic], a $1500 bill and a $600 balance on it with no other explanations. I have several bills such as that with an amount and a zero balance. I have no idea how to balance that in a barter system because the bills make no sense.

In addition to the multiple invoices, Tracy submitted as exhibits two billing statements sent to him and Brenda by the plaintiff, dated July 17, 2018, that attempted to reflect the credits for services the parties performed for each other. Tracy said that because defendants had no record and no knowledge of the invoice plaintiff included in the amended complaint, he would only address the amount claimed in the original complaint.

Ultimately, the judge asked Tracy how much he believed plaintiff was owed for his accounting services. Defendants admitted that upon deducting credits, they

owed plaintiff $298. When issuing his decision, the judge explained that plaintiff had not proven his case. The judge was "in a position of being in equipoise as to which side . . . [to] believe." Because of defendants' admission, however, he awarded plaintiff $298 plus costs.

"Final determinations made by the trial court sitting in a non-jury case are subject to a limited and well-established scope of review." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011). When error in the fact finding of a trial judge is alleged, we shall not disturb the trial court's findings unless we are "convinced that those findings and conclusions [are] 'so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Greipenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015) (quoting Rova Farms Resort v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). The trial judge's findings are "considered binding on appeal when supported by adequate, substantial and credible evidence." Rova Farms Resort, 65 N.J. at 484.

We serve a limited function and cannot "engage in an independent assessment of the evidence as if [we] were the court of first instance." State v. Locurto, 157 N.J. 463, 471 (1999). Even when the trial court makes creditability determinations without articulating its detailed findings or when the reason for its determination

may only be inferred from the record, we are not free to make our own credibility determinations. Id. at 472-75.

Although not raised below, plaintiff argues the trial judge committed plain error in allowing defendants to deduct a $938 restocking fee for a cancelled copier order, billed to plaintiff in December 2017, from the amount they owed plaintiff. Plaintiff asserts that because the copier machine cost $3750, under the statute of frauds, N.J.S.A. 12A:2-201(1), the contract for the machine should have been in writing. Because plaintiff did not enter into a written contract with either the defendants or a third party for the copier machine, plaintiff's judgment should not be offset by the restocking fee. Plaintiff believes that because the trial judge was unaware that no contract existed, the trial judge committed plain error when he allowed defendants to deduct the restocking fee from the amount they owed plaintiff.

We generally "decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available." Chirino v. Proud 2 Haul, Inc., 458 N.J. Super. 308, 318 (App. Div. 2017) (quoting State v. Witt, 223 N.J. 409, 419 (2015)). When an issue is not raised below, "relief is not warranted unless [the] party demonstrates plain error by showing on appeal the error was 'clearly capable of producing an unjust result.'" Jacobs v. Jersey Central Power & Light Co., 452 N.J. Super. 494, 502 (App. Div. 2017) (quoting R. 2:10-2).

5                                                    A-0050-18T2

Plaintiff's first argument requires the analysis of facts and evidence not argued before the trial judge. We do not allow the litigation of new facts on appeal.

Plaintiff argues that defendants owe him $3000 after deducting their proper costs for services. He argues his invoices prove the amount due. As the trial judge correctly noted, "the plaintiff bears the burden of proof to establish that [his] claim is more likely true than not." Upon reviewing all the exhibits submitted by both parties, the trial judge explained that the course of dealings between the parties indicated "that the invoices submitted by the plaintiff may or may not be true." Plaintiff did not prove his case. We defer to the credibility determinations of the trial judge. Locurto, 157 N.J. at 474.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0050-18T2