**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0091-18T2

CITY OF ORANGE FIRE OFFICERS
ASSOCIATION FMBA LOCAL 210,

      Plaintiff-Respondent,

v.

CITY OF ORANGE TOWNSHIP,

      Defendant-Appellant.

_____

Submitted February 26, 2019 – Decided April 25, 2019

Before Judges Gilson and Natali.

On appeal from Superior Court of New Jersey, Chancery Division, Essex County, Docket No. C-000018-17.

Scarinci & Hollenbeck, LLC, attorneys for appellant (Ramon E. Rivera, of counsel; Krystle Nova, John J.D. Burke, and Ramon E. Rivera, on the briefs).

Feeley & LaRocca, LLC, and The Blanco Law Firm, LLC, attorneys for respondent (Pablo N. Blanco, of counsel and on the brief; John D. Feeley, on the brief).

PER CURIAM

This appeal arises out of an action to enforce an arbitration award concerning the terms of successor collective negotiation agreements between the City of Orange Township (City) and the City of Orange Fire Officers Association FMBA Local 210 (FOA). The City appeals from a July 25, 2018 order issued by the Chancery Division, which confirmed the arbitration award and directed the City to comply with the award. In making that ruling, the Chancery court refused to address the City's counterclaims that the award was defective and should be vacated. Instead, the court ruled that because the City had failed to appeal the award to the Public Employment Relations Commission (Commission) as required by the governing statute, N.J.S.A. 34:13A-16(f)(5)(a), the court did not have the authority to address the City's counterclaim. We agree and affirm.

I.

The arbitration award at issue in this case is the product of compulsory interest arbitration pursuant to the Police and Fire Public Interest Arbitration Reform Act (the Arbitration Reform Act), N.J.S.A. 34:13A-14a to -21. Interest arbitration "involves the submission of a dispute concerning the terms of a new contract to an arbitrator, who selects those terms and thus in effect writes the parties' collective agreement[.]" N.J. State P.B.A., Local 29 v. Town of

Irvington, 80 N.J. 271, 284 (1979). "[C]ompulsory interest arbitration is a statutory method of resolving collective-negotiation disputes between police and fire departments and their employers." Hillsdale PBA Local 207 v. Borough of Hillsdale, 137 N.J. 71, 80 (1994).

The underlying disputes have existed for a number of years and have engendered an initial arbitration award issued in July 2016, an appeal to the Commission, a decision by the Commission issued in September 2016, a remand to the arbitrator, and the arbitrator's decision following the remand issued in January 2017. The core disputes concern the terms and conditions of employment, particularly salaries, for certain public-safety employees of the City.

The initial request for arbitration was filed by the PBA Local 89 (PBA), representing the City's police officers. Two other employee units thereafter joined that arbitration. Those units are FMBA Local 10 (FMBA), representing the rank and file firefighters of the City, and the FOA, representing the City's fire officers.

On July 7, 2016, the arbitrator issued a written award setting terms of successor collective negotiation agreements for all three units of employees. On July 20, 2016, the City appealed that arbitration award to the Commission. In

its appeal to the Commission, the City argued that the arbitrator failed to properly address the financial impact of the award, including failing to properly consider a two percent statutory cap established in N.J.S.A. 34:13A-16.7(b). The City also argued that the arbitrator failed to properly address other statutory factors under N.J.S.A. 34:13A-16(g).

On September 8, 2016, the Commission issued its decision on the City's appeal. The Commission rejected the City's arguments regarding the two percent cap. The Commission did, however, remand the matter to the arbitrator and directed the arbitrator to explain and clarify the award as it related to certain factors identified in N.J.S.A. 34:13A-16(g).

Thereafter, the City resolved its disputes with the PBA and FMBA. Accordingly, on remand, the arbitrator only had to clarify his award with regard to the members of the FOA.

On January 3, 2017, the arbitrator issued his decision following the remand. That decision was mailed to the City and FOA by overnight delivery on January 4, 2017. Thus, the arbitration decision was received by the parties on January 5, 2017. Together with the arbitration decision on remand, the parties were given written notice reminding them that if they wanted to appeal

the arbitration award, any appeal had to be filed within fourteen days. The fourteen days to appeal expired on January 19, 2017.

The City did not file an appeal with the Commission. Instead, on January 26, 2017, the FOA filed a verified complaint and order to show cause in the Chancery Division seeking to enforce the arbitration award. In its complaint, the FOA verified that it had been informed by the City that the City would not be filing an appeal of the arbitration award. Consequently, the FOA sought to have the Chancery Division confirm and enforce the arbitration award.

Approximately eleven months later, on December 28, 2017, the City filed an answer, affirmative defenses, and counterclaims. In its counterclaims, the City sought to vacate both the initial arbitration award, issued on July 7, 2016, and the award following the remand, issued on January 3, 2017. The City contended that the arbitrator failed to adequately consider all of the factors under N.J.S.A. 34:13A-16(g), and improperly expanded the scope of the remand.

After reviewing briefs filed by the parties, the Chancery court held telephone conferences with counsel on July 16 and July 25, 2018, and heard oral argument on the enforcement of the arbitration award. The court ruled that the City had waived its right to appeal the arbitration award by not filing an appeal with the Commission. Thus, the court ruled that it could only enforce the

arbitration award in accordance with N.J.S.A. 34:13A-19, and it could not consider the City's substantive arguments alleging that the award was defective and should be vacated. On July 25, 2018, the court entered an order (1) confirming the arbitration award, (2) directing the City to comply with the arbitration award, and (3) ordering the City to make retroactive payments to all FOA members within sixty days.

## II.

The City now appeals from the July 25, 2018 order. It argues that the Chancery court obtained jurisdiction over the matter when the FOA filed its verified complaint seeking to enforce the arbitration award. The City then argues that the arbitrator failed to adequately consider all of the statutory factors under N.J.S.A. 34:13A-16(g) and, therefore, the awards were procured by undue means and the arbitrator exceeded or imperfectly executed his powers. The City also argues that the arbitrator improperly expanded the scope of the remand order from the Commission and, as a consequence, the arbitrator imperfectly executed his powers and the remand award should be vacated.

We will only address the issue of the authority of the court to enforce the arbitration award because a plain reading of the governing statute establishes that the City waived its right to appeal the substance of the arbitration award.

A-0091-18T2

The issue concerning the scope of the enforcement action involves the interpretation of a statute. Accordingly, our review of that issue is de novo. State ex rel. K.O., 217 N.J. 83, 91 (2014) (citing McGovern v. Rutgers, 211 N.J. 94, 107-08 (2012)).

The procedures for resolving disputes concerning the terms and conditions of employment between a public fire or police department and the union representing the fire or police officers are governed by statute. N.J.S.A. 34:13A-16. See also Hillsdale PBA Local 207, 137 N.J. at 80. The New Jersey Employer-Employee Relations Act (the Relations Act), N.J.S.A. 34:13A-1 to -43, includes a compulsory interest arbitration procedure for fire departments and representatives of fire officers that reach an impasse in collective negotiations. N.J.S.A. 34:13A-16(b)(2). The procedures for such interest arbitration, including any appeal of an arbitration award, are set forth in the Arbitration Reform Act, N.J.S.A. 34:13A-14a to -21, which is part of the Relations Act.

To initiate interest arbitration, the public entity or employee representative can petition the Commission. N.J.S.A. 34:13A-16(b)(2). An arbitrator is then selected and the disputes are submitted to "binding arbitration." N.J.S.A. 34:13A-16(d). The arbitrator must issue a decision within a prescribed

time. N.J.S.A. 34:13A-16(f)(5). The arbitrator's decision, moreover, must include an award and "shall be accompanied by a written report explaining how each of the statutory criteria played into the arbitrator's determination of the final award. The report shall certify that the arbitrator took the statutory limitations imposed on the local levy cap into account in making the award." Ibid.

Any party to the arbitration can appeal the interest arbitration award to the Commission. A final decision by the Commission, in turn, can be appealed to this court. N.J.S.A. 34:13A-16(f)(5)(a). In that regard, the Arbitration Reform Act states:

> The [arbitration] decision shall be final and binding upon the parties and shall be irreversible, except: (a) [w]ithin 14 calendar days of receiving an award, an aggrieved party may file notice of an appeal of an award to the commission on the grounds that the arbitrator failed to apply the criteria specified in subsection g. of this section or violated the standards set forth in N.J.S.[A.] 2A:24-8 or N.J.S.[A.] 2A:24-9. . . .
>
> . . . .
>
> An aggrieved party may appeal a decision of the commission to the Appellate Division of the Superior Court.
>
> [N.J.S.A. 34:13A-16(f)(5).]

The Arbitration Reform Act also states that "an arbitrator's award shall be implemented immediately." N.J.S.A. 34:13A-16(f)(5)(b). To ensure compliance, the Arbitration Reform Act includes an enforcement provision, which states: "The decision of the arbitrator may be enforced at the instance of either party in the Superior Court with venue laid in the county in which the dispute arose." N.J.S.A. 34:13A-19.

In summary, the plain language of the Arbitration Reform Act states that an appeal of an interest arbitration award must be taken to the Commission and that the decision by the Commission, in turn, can be appealed to us. See N.J.S.A. 34:13A-16(f)(5)(a). There is no right to appeal to the Law or Chancery Division. Instead, the only right in the Law or Chancery Division is to "enforce[]" the arbitration award. N.J.S.A. 34:13A-19. Cf. In re City of Camden, 429 N.J. Super. 309, 327 (App. Div. 2013) (explaining that appeals are taken to the Commission). In enforcing the arbitration award, courts may clarify a term of the award. See Paterson Police PBA Local 1 v. City of Paterson, 433 N.J. Super. 416, 425 (App. Div. 2013). In contrast, the power to "affirm, modify, correct or vacate the award" or to "remand the award" is vested with the Commission. N.J.S.A. 34:13A-16(f)(5)(a).

Here, the Chancery court correctly applied the plain language of the Arbitration Reform Act. The City had not appealed the January 3, 2017 arbitration award to the Commission. After the fourteen-day time for such an appeal expired, the FOA filed an action in the Chancery Division to enforce the award. Accordingly, the Chancery court had no authority to modify or vacate the arbitration award; rather, it correctly ruled it was limited to enforcing the award.

The City argues that when the FOA filed its action in the Superior Court, the court obtained jurisdiction and the court could then consider the City's counterclaims challenging the arbitration award. There are two flaws with that argument.

First, the time to appeal had expired and, thus, the City's counterclaims were already time-barred when the FOA filed the action in the Superior Court. The January 3, 2017 arbitration award was received by the City on January 5, 2017. The City had fourteen days to appeal. Those fourteen days expired on January 19, 2017. Consequently, the City had no right to appeal when the FOA filed its enforcement action on January 26, 2017.

Second, as already detailed, an appeal of the interest arbitration award had to be first taken to the Commission. Because the City never filed any appeal

10

with the Commission, it had no rights to seek to modify or vacate the arbitration award.

In contending that the Chancery Division obtained jurisdiction to hear its appeal, the City cites two cases:  Harris v. Security Insurance Group, 140 N.J. Super. 10 (App. Div. 1976) and Township of Aberdeen v. Patrolmen's Benevolent Association, Local 163, 286 N.J. Super. 372 (App. Div. 1996). Neither of those cases applies to the arbitration at issue in this case.

Harris discussed N.J.S.A. 2A:24-7, a statutory provision that, since 2003, applies "only . . . to an arbitration or dispute arising from a collective bargaining agreement or a collectively negotiated agreement."  N.J.S.A. 2A:24-1.1.  Thus, if parties to a collective bargaining agreement provide for arbitration of disputes arising from the agreement itself, N.J.S.A. 2A:24-7 governs the procedure by which an arbitration award can be confirmed, vacated, or modified.

Here, the parties were involved in statutorily-mandated interest arbitration, which is a process by which an arbitrator "effect[ively] writes the parties' collective agreement."  Hillsdale PBA Local 207 v. Borough of Hillsdale, 263 N.J. Super. 163, 179 (App. Div. 1993) (quoting N.J. State Policemen's Benevolent Ass'n, Local 29, 80 N.J. at 284), aff'd in part, rev'd in part, 137 N.J. 71 (1994).  Unlike other forms of arbitration involving voluntary

11

resolution of disputes under an existing contract, "compulsory interest arbitration does not depend on either the existence of a contract or on the agreement of the parties to proceed to arbitration. It is a statutorily-mandated procedure for resolving the terms of a new contract." Hillsdale PBA Local 207, 137 N.J. at 80 (citation omitted) (citing N.J. State Policemen's Benevolent Ass'n, Local 29, 80 N.J. at 284). Accordingly, N.J.S.A. 2A:24-7 does not apply to public fire and police department interest arbitration under the Arbitration Reform Act. Cf. N.J.S.A. 34:13A-16.

The Aberdeen court did not rule on a procedural issue, but noted that upon receiving the interest arbitration award, the township in that case "filed a complaint in the Chancery Division seeking an order vacating the award, and the union counterclaimed." 286 N.J. Super. at 376. That complaint was filed in accordance with the procedure in place at that time, prior to the effective date of the Arbitration Reform Act. See L. 1977, c. 85, § 3(f)(5) (stating that an arbitration award is final, binding, and irreversible "except where there is submitted to the court extrinsic evidence upon which the court may vacate, modify or correct such award pursuant to N.J.S. 2A:24-7 et seq. or for failure to apply the factors specified in subsection g. below"). The Arbitration Reform Act was an amendment to the Relations Act that became effective on January

10, 1996.  See L. 1995, c. 425.  That amendment established the relevant provision at issue in this case:  that appeals of interest arbitration awards must be taken to the Commission, and appeals from the Commission will be heard in the Appellate Division.  See id. at § 3(f)(5)(a); N.J.S.A. 34:13A-16(f)(5)(a).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0091-18T2